VANDERBILT INCOME AND GROWTH
ASSOCIATES, L.L.C. and Raleigh Capi-
tal Associates, L.P., individually and de-
rivatively on behalf of Arvida/JMB Part-
ners, L.P., Plaintiffs Below, Appellants,

v.

ARVIDA/JMB MANAGERS, INC., Judd D.
Malkin, Neil G. Bluhm, Burton E. Gla-
zov, Stuart C. Nathan, A. Lee Sacks,
John G. Schreiber, BSS Capital II,
L.L.C., Starwood Capital Group I, L.P.,
Starwood/Florida Funding, L.L.C., Star-
wood Opportunity Fund, IV, L.P. and
Barry Sternlicht, Defendants Below, Ap-
pellees,

and

Arvida/JMB Partners, L.P., Nominal
Defendant Below, Appellee.

No. 469, 1996.

Supreme Court of Delaware.

Submitted: Dec. 5, 1996.
Decided: Dec. 12, 1996.

R. Franklin Balotti (argued), Gregory P. Williams, Lisa A. Schmidt and Raymond J. DiCamillo of Richards, Layton & Finger, Wilmington, for appellants.

Thomas R. Hunt, Jr. and Alan J. Stone of Morris, Nichols, Arsht & Tunnell, Wilmington, and Garrett B. Johnson (argued), Steven J. Harper, Leslie M. Smith, Kristine L. Anderson and Timothy A. Duffy of Kirkland & Ellis, Chicago, IL, for appellees Arvida/JMB Managers, Inc., Judd D. Malkin, Burton E. Glazov, Stuart C. Nathan, A. Lee Sacks, John G. Schreiber and Arvida/JMB Partners, L.P.

Stephen P. Lamb and Joel Friedlander of Lamb & Bouchard, Wilmington, and Jerold S. Solovy, Ronald L. Marmer and C. John Koch of Jenner & Block, Chicago, IL, for appellee Neil G. Bluhm.

Lawrence C. Ashby of Ashby & Geddes, Wilmington, for appellees BSS Capital II, L.L.C., Starwood Capital Group I, L.P., Starwood/Florida Funding, L.L.C., Starwood Opportunity Fund, IV, L.P. and Barry Sternlicht.

Before VEASEY, C.J., WALSH, and HOLLAND, JJ.

HOLLAND, Justice:

In this appeal of a dismissal for failure to state a claim under Chancery Court Rule 12(b)(6), we decide that a trial court may not rely on matters outside the pleadings for the substantive interpretation of documents determining material rights of a party. If such documents are considered by the trial court, the motion to dismiss is converted into a motion for summary judgment. Before the motion for summary judgment is decided, discovery must be permitted, even if limited.

The plaintiffs-appellants, Vanderbilt Income and Growth Associates, L.L.C. and Raleigh Capital Associates, L.P., are assignee holders of Limited Partnership Interests in Arvida/JMB Partners, L.P. The plaintiffs filed a complaint on September 27, 1996, individually and derivatively on behalf of Arvida/JMB Partners, L.P. The defendants-appellees are Arvida/JMB Partners, L.P., a Delaware Limited Partnership; Arvida/JMB Managers, Inc., the general partner of Arvida/JMB Partners, L.P.; individual members of the Board of Directors of Arvida/JMB Managers, Inc.; and BSS Capital II, L.L.C., Starwood Capital Group I, L.P., Starwood/Florida Funding, L.L.C., Starwood Opportunity Fund, IV, L.P., and Barry Sternlicht.

The complaint alleged that the defendants violated their fiduciary duties by entering into an agreement to effectuate a refinancing of Arvida/JMB Partners, L.P. On October 4, 1996, the defendants moved to dismiss the complaint on the basis that the plaintiffs had no standing to bring either their direct or derivative claims against the defendants. On October 18, 1996, after expedited briefing and oral argument, the Court of Chancery issued a bench ruling granting the defendants' motion.

The plaintiffs moved for reconsideration by the Court of Chancery. That motion was denied in a Memorandum Opinion dated November 4, 1996. On November 7, 1996, the Court of Chancery entered a final judgment of dismissal. At the same time, it enjoined the defendants from completing the re-financing pending this Court's action on the present expedited appeal.

The plaintiffs contend, *inter alia,* that the Court of Chancery erred in applying the standards governing motions to dismiss pursuant to Chancery Court Rule 12(b)(6). Specifically, the plaintiffs contend the Court of Chancery erred by considering a prospectus which was not part of the complaint. This Court has concluded that the plaintiffs' contention is correct.

### Facts

The operative facts in this appeal relate to the plaintiffs' standing to file the complaint. The defendants contend that the plaintiffs' standing is dependent upon their relationship, or lack thereof, to partnership voting rights. The parties agree that voting rights must be determined by the construction of a partnership agreement and an assignment agreement.

The record reflects that Arvida/JMB Partners, L.P. was formed just prior to a Public Offering in September 1987. At the time of

its formation, the Partnership Agreement provided for and was executed by a General Partner, Associated Limited Partners, and an Initial Limited Partner. Section 3.3A of the Partnership Agreement states that "[t]he General Partner is authorized to issue Additional Limited Partnership Interests to the Initial Limited Partner." Section 3.3A of the Partnership Agreement also authorizes the Initial Limited Partner to assign those interests to purchasers in the Public Offering.[1]

The terms of the assignment contemplated by the Partnership Agreement are provided for in a separate Assignment Agreement that was entered into at the same time. One of its provisions permits transfer of all of the Initial Limited Partner's rights and interests to Assignee Holders who purchase Partnership Interests in the Public Offering:

1. *Assignment of Additional Partnership Interests.* The Initial Limited Partner will transfer and assign to the Assignee Holders who purchase Additional Limited Partnership Interests in the Public Offering all of the Initial Limited Partner's rights and interests....

Paragraph 4 of the Assignment Agreement sets forth the procedure by which the voting rights of limited partners are exercised by Assignee Holders:

The Initial Limited Partner hereby agrees that, with respect to any matter on which a vote of Limited Partners is taken in accordance with the Partnership Agreement or as to which any Consent is requested, it will vote the Additional Limited Partnership Interests transferred to Assignee Holders pursuant to this Agreement or grant or withhold such Consent solely for the benefit of, and in accordance with the written instructions of, the respective Assignee Holders with respect to their respective Interests.... Additional Limited Partnership Interests assigned to Assignee Holders who do not provide such written instructions to the Initial Limited Partner will not be voted nor any Consent granted on any such matter.

1. The Delaware Revised Uniform Limited Partnership Act provides: "Unless otherwise provided in the partnership agreement ... [a]n assignment of a partnership interest does not ...

Paragraph 3 of the Assignment Agreement authorizes Public Offering Assignee Holders to further assign their interests.

*Voting Rights*
*Assignability at Issue*

The defendants acknowledge that Assignee Holders who acquired their interests in the Public Offering also acquired the right to direct the Initial Limited Partner on how to vote. As a corollary to that acknowledgment, the defendants also agree that Public Offering Assignee Holders would have standing to bring the present proceeding. Because the plaintiffs did not acquire their interest in the Public Offering, however, their standing to bring this proceeding is dependent upon whether the right to direct the vote of Initial Limited Partners is assignable to them by the Public Offering Assignee Holders.

Accordingly, the primary issue in this appeal is the scope of a subsequent assignment by Public Offering Assignee Holders to the plaintiffs. The parties' positions on that issue are dramatically opposed. In support of their respective arguments, the parties rely upon several provisions in the Partnership Agreement and Assignment Agreement that have not been set forth in this opinion. For present purposes, it is sufficient to note that the defendants' motion to dismiss required the Court of Chancery to construe and reconcile several provisions in both of those interdependent documents.

*Court of Chancery*
*Public Offering Prospectus*

Attached to the complaint in this case were copies of the Partnership Agreement and Assignment Agreement. Those copies had been exhibits to the Public Offering prospectus. At the oral argument on the defendants' motion to dismiss, defense counsel offered to provide the Court of Chancery with a complete copy of the prospectus that accompanied the Public Offering. The following exchange is reflected in the record:

entitle the assignee to become or to exercise any rights or powers of a partner...." 6 *Del.C.* § 17–702.

Defense Counsel: [S]ince they have provided [the court] with the complaint Exhibit A to the prospectus, which was the partnership agreement, and they provided by letter amendment Exhibit B to the prospectus, I thought it would be useful ... to provide Your Honor with a couple copies of the full prospectus.

The Court: Is that all right?

Plaintiffs' Counsel: Your honor, without going into the question of the relevancy of the prospectus itself, I have no objection to their being handed up for whatever use.

In its October 18, 1996 bench ruling on the motion to dismiss, the Court of Chancery, considered the prospectus:

> The controlling documents—and I refer to the partnership agreement and the assignment agreement—are, unfortunately, not as clear as the understanding stated in the prospectus that went to persons who were invited to become assignee holders in the public offering, which says at page 61 that the rights of a transferee who does not become a substituted limited partner will be limited to sharing in profits and/or losses and cash distributions, and voting rights of a transferor who transfers an interest will terminate whether or not the transferee is admitted as a substituted limited partner. I do believe that that was the intent behind this.

The Court of Chancery's reliance on the prospectus in deciding the motion to dismiss is further illustrated by the following excerpt from its Memorandum Opinion dated November 4, 1996:

> Although the agreements themselves do not directly say so, the prospectus explains ... that the rights of any transferee who does not become a Substituted Limited Partner will be limited to his share of partnership profits or losses and cash distributions.... Since the explanation provided to purchasers in the public offering is consistent with the agreements, the prospectus confirms the defendants' interpre-

tation and contradicts the interpretation argued by the plaintiffs.

*Motion to Dismiss*
*Chancery Rule 12(b)(6)*

In reviewing the dismissal of a complaint under Rule 12(b)(6), the standard of appellate review is *de novo*. *In re Santa Fe Pac. Corp. Shareholder Litig.*, Del.Supr., 669 A.2d 59, 70 (1995). This Court, like the trial court, must determine whether it appears with reasonable certainty that, under any set of facts which could be proven to support the claim, the plaintiffs would not be entitled to relief. *In re Tri–Star Pictures, Inc., Litig.*, Del.Supr., 634 A.2d 319, 326 (1993). That determination, by this Court and the trial court, is generally limited to the facts contained in the complaint. *Id.; see also In re Santa Fe Pac. Corp. Shareholder Litig.*, 669 A.2d at 70. On appeal, those facts must be taken as true and all inferences therefrom are viewed in a light most favorable to the plaintiff. *In re Tri–Star Pictures, Inc., Litig.*, 634 A.2d at 326.

The appellants argue that the Court of Chancery improperly considered the prospectus in ruling on the defendants' Rule 12(b)(6) motion to dismiss because it was a document outside of the pleadings. Chancery Court Rule 12(b) provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

This Court recently reviewed and summarized the controlling principles that apply when a Rule 12(b)(6) motion is presented. *In re Santa Fe Pac. Corp. Shareholder Litig.*, 669 A.2d at 68–70. Our analysis began with a recognition of the general rule that matters outside of the pleadings should not be considered in ruling on a Rule 12(b)(6) motion to dismiss. *Id.* at 68. Nevertheless, in *Santa Fe,* this Court recognized that in

particular instances, and for carefully limited purposes, it may be appropriate for the Court of Chancery to consider documents other than the complaint when ruling on a Rule 12(b)(6) motion to dismiss without converting the proceeding into a Rule 56 motion for summary judgment. *Id.* at 69–70.

■ The exceptions to the general Rule 12(b)(6) prohibition against considering documents outside of the pleadings are usually limited to two situations. *Id.* The first exception is when the document is integral to a plaintiff's claim and incorporated into the complaint. *Id.* The second exception is when the document is not being relied upon to prove the truth of its contents. *Id.* at 70.

In this case, the parties agree that the Court of Chancery properly considered the Partnership Agreement and Assignment Agreement to the extent those documents were the basis upon which the plaintiffs' asserted standing to file the complaint. That review led the Court of Chancery to conclude, however, that the Partnership Agreement and Assignment Agreement are ambiguous.

The partnership agreement recognizes the rights of purchasers in a public offering. The assignment agreement provides that purchasers in a public offering have those rights. But neither document plainly says that those rights may be transferred to subsequent assignees, and there are provisions suggesting otherwise.

■ On a motion to dismiss for failure to state a claim, a trial court cannot choose between two differing reasonable interpretations of ambiguous documents. *Barsky v. Flaherty*, Del.Ch., C.A. No. 9132 (September 9, 1987), *reprinted in* 13 DEL.J.CORP.L. 615, 630, 1987 WL 17047 (1988). Ambiguity exists "when the provisions in controversy are reasonably or fairly susceptible of different interpretations." *Kaiser Aluminum Corp. v. Matheson*, Del.Supr., 681 A.2d 392, 395 (1996). Dismissal is proper only if the defendants' interpretation is the *only* reasonable construction as a matter of law. *Barsky v. Flaherty*, Del.Ch., C.A. No. 9132 (September 9, 1987), *reprinted in* 13 DEL.J.CORP.L. 615, 630, 1987 WL 17047 (1988); *see Solomon v.*

*Pathe Communications Corp.*, Del.Supr., 672 A.2d 35, 38–39 (1996).

■ Instead of denying the Rule 12(b)(6) motion to dismiss, the Court of Chancery considered the prospectus to resolve the ambiguity in favor of defendants. As we have noted, the Court of Chancery stated:

Although the agreements themselves do not directly say so, the prospectus explains ... that the rights of any transferee who does not become a Substituted Limited Partner will be limited to his share of partnership profits or losses and cash distributions.... Since the explanation provided to purchasers in the public offering is consistent with the agreements, the prospectus confirms the defendants' interpretation and contradicts the interpretation argued by the plaintiffs.

Thus, the record reflects that the Court of Chancery considered the truth of the representations in the prospectus about voting rights to resolve the ambiguity in the Partnership Agreement and Assignment Agreement.

If a party presents documents in support of its Rule 12(b)(6) motion and the trial court considers the documents, the proceeding is converted to a Rule 56 motion for summary judgment, unless one of the well-recognized limited exceptions applies. *In re Santa Fe Pac. Corp. Shareholder Litig.*, 669 A.2d at 69–70. In this case, the Court of Chancery properly considered the Partnership Agreement and Assignment Agreement but not the prospectus. *See id.* In deciding a Rule 12(b)(6) motion to dismiss, the Court of Chancery could not consider the prospectus for the truthfulness of its voting rights description. *See id.* at 70.

The Court of Chancery's consideration of the prospectus' truthfulness caused the procedural posture of the proceeding to change from a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. *In re Santa Fe Pac. Corp. Shareholder Litig.*, 669 A.2d at 69; *see In re Tri–Star Pictures, Inc. Litig.*, 634 A.2d at 326. Before a motion for summary judgment is decided, the nonmovant should have an opportunity to take discovery. *In re Santa Fe Pac. Corp. Shareholder Litig.*, 669 A.2d at 69. Accordingly,

the Court of Chancery was required to afford the plaintiffs an opportunity for some discovery before ruling. *Id.*

### Conclusion

The judgment of the Court of Chancery is reversed. This matter is remanded for further proceedings.[2]

---

**2.** This Court declines to consider the defendant, Neil G. Bluhm's independent request for dismissal based upon his alleged recusal from the partnership since May 15, 1996. The Court of Chancery did not rule on that aspect of Bluhm's motion to dismiss. The Court of Chancery should consider that application in the first instance.