Peter V. YOUNG and Ellen Roberts Young, Plaintiffs,

v.

Paul J. KLAASSAN, Teresa M. Klaassan, David W. Faeder, Timothy S. Smick, Thomas B. Newell, Brian C. Swinton, Christian B.A. Slavin, Larry E. Hulse, Tiffany L. Tomasso, Robert R. Slager, Carl Adams, Ronald V. Aprahamian, Craig R. Callen, David G. Bradley, J. Douglas Holladay, and Thomas J. Donohue, Defendants,

and

Sunrise Senior Living, Inc., Nominal Defendant.

C.A. No. 2770–VCL.

Court of Chancery of Delaware.

Submitted: April 8, 2008.
Decided: April 25, 2008.

Joseph A. Rosenthal, Esquire, Carmella P. Keener, Esquire, Rosenthal, Monhait & Goddess, P.A., Wilmington, DE; Laurence D. Paskowitz, Esquire, Roy L. Jacobs, Esquire, Paskowitz & Associates, New York City; Samuel R. Simon, Esquire, Jacobs Law Group, P.C., Philadelphia, PA; Karin E. Fisch, Esquire, Orin Kurtz, Esquire, Natalie Marcus, Esquire, Abbey Spanier Rodd & Abrams, LLP, New York City, for Peter V. Young and Ellen Roberts Young.

Kenneth Nachbar, Esquire, Morris, Nichols, Arsht & Tunnell, LLP, Wilmington, DE; John C. Millian, Esquire, Matthew R. Estabrook, Esquire, Gibson, Dunn & Crutcher, LLP, Washington, DC, for Paul J. Klaassan, Teresa M. Klaassan, David W. Faeder, Timothy S. Smick, Thomas B. Newell, Brian C. Swinton, Christian B.A. Slavin, Larry E. Hulse, Tiffany L. Tomasso, Robert R. Slager, Carl Adams, Ronald V. Aprahamian, Craig R. Callen, J. Douglas Holladay, and Thomas J. Donohue.

Arthur G. Connolly, III, Esquire, Jeremy D. Anderson, Esquire, Connolly Bove Lodge & Hutz, LLP, Wilmington, DE; Philip A. Sechler, Esquire, Williams & Connolly, LLP, Washington, DC, for David G. Bradley.

Lawrence C. Ashby, Esquire, Richard D. Heins, Esquire, Richard L. Renck, Esquire, Ashby & Geddes, Wilmington, DE; George H. Mernick, III, Esquire, Hogan & Hartson, LLP, Washington, DC; N. Thomas Connally, Esquire, Jon M. Talotta, Esquire, Hogan & Hartson, LLP, McLean, VA, for Sunrise Senior Living, Inc.

## OPINION

LAMB, Vice Chancellor.

This opinion addresses the plaintiffs' motion to compel the production of documents in connection with pending motions to dismiss for failure to make a demand.[1] As in *Fleischman v. Huang,*[2] the defendants' briefs in support of those motions expressly and repeatedly rely on the reportedly favorable findings of the special board committee that investigated the matters alleged in the complaint. In the

---

**1.** While the plaintiffs move in the alternative for a motion to strike, the court will, as discussed in this opinion, direct the defendants to produce documents related to the work of the special committee.

**2.** 2007 WL 2410386 (Del.Ch. Aug. 22, 2007).

interests of justice, and in accordance with *Fleischman,* the court will permit discovery of the documents prepared in connection with the special committee's findings concerning the matters alleged in the complaint.[3]

## I.

In response to a demand made by an institutional stockholder asking the board to inquire, *inter alia,* into the timing of certain stock option grants at Sunrise Senior Living Inc., the nominal defendant in this case, the company formed a special investigative committee in December of 2006. The plaintiffs, Peter V. Young and Ellen Roberts Young, individual stockholders in Sunrise, did not make a demand on the board but, instead, filed their original complaint on March 7, 2007, and their amended complaint on September 17, 2007. The amended complaint alleges breaches of fiduciary duty by Sunrise officers and directors in connection with the allegedly improper issuance of options, as well as claims based on unjust enrichment and rescission. The complaint mentions the formation of the special committee and the

company's public announcement regarding the same, but does not discuss the findings of the special committee, which had not yet been released. The complaint reads, in pertinent part:

> On December 11, 2006, Sunrise announced an SEC investigation of the Company and the appointment of a special committee whose bifurcated purpose was to review insider sales of Sunrise stock and the Company's historical practices relating to stock option grants....[4]

The complaint also recites the contents of Sunrise's public announcement of the formation of the special committee.

The defendants (including the nominal defendant) filed motions to dismiss pursuant to Court of Chancery Rule 23.1 on October 5, 2007, and filed their opening briefs on November 2.[5] By that time, Sunrise had released the findings of the special committee, which reportedly found "no evidence of backdating or other intentional misconduct."[6] While Sunrise made two arguably benign references in its opening brief to the findings of the special committee,[7] its reply brief and the individ-

---

3. During the April 8 teleconference in connection with the motion to compel, the court learned that the special committee did not prepare a written report and, thus, the defendants will be expected to produce all documents prepared in support of the special committee's findings.

4. Compl. ¶ 86.

5. The court notes the oddity of the procedural posture of this case. First, in response to what can only be characterized as a demand, the Sunrise board of directors formed a special investigative committee consisting of a single recently-appointed director (later augmented by the addition of a second newly-appointed director). Second, that committee did not prepare a written report; instead, its purported "findings" were reported in a public filing (which does not disclose either the composition of the committee or the absence of a written report). Third, when this deriva-

tive action was begun, all of the defendants (including the corporation) moved to dismiss on grounds of demand excusal although the corporation's motion to dismiss was, evidently, not authorized by any disinterested person or body. Fourth, in their briefs, the defendants relied on the committee's "findings" but omitted any mention of the composition of the committee or the absence of a written report. Needless to say, this posture is not one that will easily support a conclusion that the complaint should be dismissed for failure to make a demand on the board of directors.

6. Pls.' Motion Ex. 3.

7. Sunrise's opening brief generally states that "[t]he committee found no evidence of intentional backdating or other misconduct in connection with the options grants examined." Sunrise Opening Br. 8. It also states: "[a]s noted ... the independent special committee

ual defendants' reply brief improperly rely upon the truth of the committee's findings. Specifically, the company's reply brief states: "[p]articularly in light of the special independent committee's investigation and findings, Plaintiffs must present particularized allegations of demand futility in order to establish derivative standing."[8] In addition, the individual defendants' reply brief argues that the plaintiffs cannot put forward sufficiently detailed allegations of backdating "given that an investigation commissioned by a Special Committee of the Board and conducted by independent counsel has 'found no evidence of backdating or other intentional misconduct in connection with the award of grants that were examined,' including all of the grants challenged by the plaintiffs."[9]

Following these statements, the plaintiffs filed the instant motion to compel. The plaintiffs seek the "documents constituting and supporting the purported factual findings and report by the special committee, arising out of the special committee's investigation into the backdating of options...."[10] According to the plaintiffs, the defendants clearly rely upon the special committee's findings for their truth. The plaintiffs argue that the complaint merely recites Sunrise's public announcement concerning the formation of the special committee, making the defendants' references impermissible on a motion to dismiss. The plaintiffs contend, relying primarily on *Fleischman*, that the defendants' reliance on the special committee's findings in their motion to dismiss warrants production of the related documents.

During the April 8 teleconference, the defendants offered to strike the references to the special committee in their submissions, but, since the court finds that these references warrant discovery, it is necessary to briefly outline their arguments. Foremost, the defendants argue that the plaintiffs' motion amounts to mere "misdirection" because their dismissal arguments do not depend on the truth or accuracy of the special committee's findings and independently warrant dismissal. The defendants also contend that the references to the special committee are not offered for their truth and that the court could, in any case, take judicial notice of the publicly disclosed findings.

## II.

In reviewing the parties' respective arguments, this court is instructed by Chancellor Chandler's decision in *Fleischman*, which involved strikingly similar facts. In that case, there were allegations of backdating and the corporation directed the audit committee to investigate the timing of certain option grants. Due to the defendants' reliance in their dismissal briefs on the findings of the audit committee, which were outside the complaint, the court granted limited discovery into the "report or reports upon which" the audit committee based its publicly announced findings.[11] In reaching this decision, the court noted that the plaintiff's motion to compel did not seek discovery "related to the facts alleged in the complaint," rather

---

found no evidence of intentional backdating." *Id.* at 20 n. 15.

8.  Sunrise Reply Br. 2.

9.  Individual Defs.' Reply Br. 1 (quoting Sunrise Form 8–K (Sept. 28, 2007) (filed Oct. 1, 2007)).

10.  Pls.' Motion 1–2.

11.  *Fleischman*, 2007 WL 2410386, at *2.

it sought "documents inserted into litigation by defendants" that were "not even in existence at the time the complaint was filed."[12] The court found that the defendants improperly inserted these matters into the litigation by relying on the audit committee's favorable findings to support their motion to dismiss. For example, in their opening brief, the defendants "argued that where a board has pursued a prompt and complete investigation of problems relating to the grant of stock options, the proposition that a board faces a substantial likelihood of liability is diminished."[13]

The defendants in *Fleischman*, like the defendants in this case, argued that their repeated references to the committee's findings were not offered for their truth, "but to show that plaintiff's complaint drew unreasonable inferences from . . . earlier public filings."[14] Here, as in *Fleischman*, this "is inconsistent with any fair reading" of the defendants' submissions to this court.[15] The previously cited excerpts clearly demonstrate that the defendants offered the special committee's findings for their truth.[16] Similarly unfounded is the defendants' argument that they included these references to counter the purported suggestion in the amended complaint "that the mere existence of the special committee's investigation somehow lends credence to the Plaintiffs' circumstantial backdating allegations."[17] The

plaintiffs' complaint makes a single direct reference to the special committee's investigation of the backdating allegations and it merely restates information released by Sunrise. Indeed, the bulk of the reference to the special committee is a direct quotation from a Sunrise press release.

It is well settled that "if a party presents documents in support of its Rule 12(b)(6) motion and the trial court considers the documents, the proceeding is converted to a Rule 56 motion for summary judgment. . . ."[18] In addition, "before the Court considers a motion for summary judgment, the non-moving party should normally have some opportunity for discovery."[19] Due to the limited nature of the references in the defendants' motions to dismiss, as in *Fleischman*, the court will "'grant[ ] a limited procedural right to plaintiff—access to documents that defendants have expressly relied upon in support of their motion to dismiss.'"[20] In this case, as previously noted, this consists of any documents that relate to the special committee' findings.

### III.

For the foregoing reasons, the motion to compel is GRANTED. IT IS SO ORDERED.

---

**12.** *Id.* at *3.

**13.** *Id.* at *2. The Supreme Court also refused the interlocutory appeal for failing to meet the requirements of Supreme Court Rule 42(b). *See Huang v. Fleischman*, 2007 WL 2588851, at *1 (Del.2007) (TABLE).

**14.** *Fleischman*, 2007 WL 2410386, at *1.

**15.** *Id.*

**16.** In addition, since the special committee's findings are subject to reasonable dispute, they are not subject to judicial notice. *See id.* at *3.

**17.** Sunrise Opp'n 3.

**18.** *Vanderbilt Income & Growth Assocs. v. Arvida/JMB Managers, Inc.*, 691 A.2d 609, 613 (Del.1996).

**19.** *Fleischman*, 2007 WL 2410386, at *3.

**20.** *Ryan v. Gifford*, 2008 WL 43699, at *5 (Del.Ch. Jan. 2, 2008) (quoting *Fleischman*, 2007 WL 2410386, at *4).