# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

CURTIS JOHNSON,  )
            Plaintiff,  )
      v.  )
             )
STUDENT FUNDING GROUP,  )     C.A. No. N14C-08-098 ALR
LLC, a Delaware Limited Liability  )
Company, & SERGIO SOTOLONGO,  )
Individually,  )
           Defendants.  )

### *Upon Defendants' Motion to Dismiss — DENIED*

*Submitted: December 1, 2014*
*Decided: January 26, 2015*

Curtis Johnson, Plaintiff, filed this action in August 2014 alleging that Sergio Sotolongo and Student Funding Group, Defendants, breached the Deferred Compensation Agreement ("DCA") and alleging violations of the Delaware Wage Payment & Collection Act ("WPCA"). Defendants have moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, for lack of subject matter jurisdiction, and on statute of limitations grounds. Plaintiff opposes the motion to dismiss.

Upon consideration of Defendants' motion to dismiss and Plaintiff's opposition thereto, the Court finds as follows:

1. "A motion to dismiss must be decided solely upon the allegations in the complaint."[1] The Court shall accept all "well-pleaded" allegations as true and make all reasonable inferences in favor of the non-moving party.[2] Factual allegations, even if vague, are "well-pleaded" if they provide notice of the claim to the other party.[3] The Court should deny the motion if the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[4]

2. Generally, the Court will not consider matters outside of the pleadings when considering a motion to dismiss.[5] However, if a party presents extraneous documents in support of its motion to dismiss, it is within the Court's discretion to include or exclude the extraneous documents from its consideration.[6] If the Court excludes the extraneous documents from its consideration, the motion to dismiss remains preserved.[7] On the other hand,

---

[1] *Am. Bottling Co. v. Crescent/Mach I Partners, L.P.*, 2009 WL 3290729, at *2 (Del. Super. Sept. 30, 2009).

[2] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978); *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998).

[3] *Spence*, 396 A.2d at 968.

[4] *Id.*

[5] Super. Ct. Civ. R. 12(b); *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 68 (Del. 1995).

[6] *Doe 30's Mother v. Bradley*, 58 A.3d 429, 444 (Del. Super. 2012) (explaining that the trial court has "full discretion to accept and consider extraneous submissions when adjudicating a motion to dismiss under 12(b)(6)."). *See also Vanderbilt Income & Growth Assoc., L.L.C. v. Arvida/JMB Managers, Inc.*, 691 A.2d 609, 612-13 (Del. 1996).

[7] Super. Ct. Civ. R. 12(b)(6) ("If on a [12(b)(6)] motion . . . matters outside the pleadings are presented to *and not excluded by the Court*, the motion shall be treated as one for summary judgment.") (emphasis added).

if the Court considers the extraneous documents, the Court shall treat the motion to dismiss as a motion for summary judgment, unless an exception applies.[8]

3. There are two instances where the Court's consideration of extraneous documents will not require conversion of the motion to dismiss to a motion for summary judgment. "The first exception is when the document is integral to the plaintiff's claim and incorporated into the complaint . . . [t]he second exception is when the document is not being relied upon to prove the truth of its contents."[9]

4. In presenting the motion to dismiss, Defendants have relied upon matters outside the pleadings, including a copy of the Executive Employment Agreement ("EEA") and an affidavit by Defendant Sergio Sotolongo. Defendants argue that the Court should review the EEA upon consideration of the motion to dismiss because the EEA is "incorporated by reference" in the DCA and is therefore "integral to Plaintiff's claims and Complaint."[10] In opposition, Plaintiff takes the position that the documents appended to

---

[8] *In re Santa Fe Pac. Corp*, 669 A.2d at 69.
[9] *Vanderbilt Income & Growth Assoc., L.L.C.*, 691 A.2d at 613 (citing *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 70 (Del. 1995)).
[10] Defs.' Reply at 4.

Defendants' motion are matters outside the pleadings and that Court should not consider any reference to the documents by Defendants.[11]

5. Here, consideration of the extraneous documents requires conversion of the motion to dismiss to a motion for summary judgment because neither exception applies. While Plaintiff's complaint does incorporate the EEA by reference, the Court finds that the EEA is not integral to Plaintiff's claim because Plaintiff's claim alleges breach of the DCA, the contract succeeding the terminated EEA. Likewise, Defendants submitted an affidavit of Defendant Sergio Sotolongo, seeking to verify the contents and the truth of the EEA.[12]

6. Accordingly, the Court shall exclude the extraneous documents from its consideration of Defendants' motion to dismiss. If Defendants want the Court to consider the extraneous documents, Defendants may file a motion for summary judgment.

7. Plaintiff's complaint is "well-pleaded" and states a claim upon which relief may be granted. As a result, dismissal for failure to state a claim is inappropriate.

---

[11] Pl.'s Answer at 3.

[12] *In re Santa Fe Pac. Corp.*, 669 A.2d at 70 (permitting consideration of outside documents when "the documents are the very documents that are alleged to contain the various misrepresentations or omissions and are relevant not to prove the truth of their contents but *only* to determine what the documents stated.") (internal quotation marks omitted).

8. Next, dismissal for lack of jurisdiction is inappropriate because the DCA includes a choice of law provision and provides Delaware as the exclusive forum to resolve disputes arising out of the DCA. Generally, Delaware courts will honor such choice of law provisions "so long as the jurisdiction selected bears some material relationship to the transaction."[13] A material relationship exists here because Defendant Student Funding Group is a Delaware limited liability company.

9. Finally, it is premature for the Court to dismiss Plaintiff's claim as time-barred because, without discovery, it is unclear when Plaintiff's claim accrued and/or if the alleged violation by Defendants is ongoing and may trigger new causes of action. Under these circumstances, Defendants are not entitled to dismissal as a matter of law for lack of jurisdiction or on the basis of statute of limitations.

**NOW, THEREFORE, this 26th day of January, 2015, Defendants' Motion to Dismiss is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[13] *J.S. Alberici Constr. Co. v. Mid-West Conveyor Co.*, 750 A.2d 518, 520 (Del. 2000).