**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

ESSA ABDUL-AHAD,                          )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )          C.A. No. CPU4-15-002616
                                          )
NATIONWIDE MUTUAL                         )
FIRE INSURANCE COMPANY,                   )
                                          )
            Defendant.                    )
                                          )
                                          )

Renée Leverette, Esq.                     Miranda D. Clifton, Esq.
Gary S. Nitsche                           Law Office of Cynthia G. Beam
305 North Union Street, Second Floor      131 Continental Drive, Suite 407
P.O. Box 2324                             Newark, Delaware 19713
Wilmington, Delaware 19899                  *Attorney for Defendant*
  *Attorney for Plaintiff*


**MEMORANDUM OPINION**


**RENNIE, J.**

## PROCEDURAL HISTORY

This matter arises from a December 2, 2013, automobile accident ("Accident"). Plaintiff alleges that as a result of the Accident he suffered various injuries and incurred medical expenses and lost wages. On January 13, 2015, Plaintiff brought suit against the third-party tortfeasor in Superior Court. As part of the Superior Court action, the parties elected binding arbitration to resolve Plaintiff's request for damages for medical expenses, personal injury, and lost wages. Thereafter, on July 29, 2015, Plaintiff commenced an action pursuant to 21 *Del. C.* § 2118, against Nationwide Mutual Fire Insurance Company ("Nationwide") in the Court of Common Pleas, seeking the same damages. On May 13, 2016, after binding arbitration, the Superior Court matter was dismissed with prejudice in Plaintiff's favor.

On June 3, 2016, following the arbitrator's decision in Superior Court, Nationwide filed the instant Motion to Dismiss Based Upon Collateral Estoppel ("Motion"). On June 7, 2016, the Court heard argument on the Motion and granted Plaintiff leave to file a response. On June 14, 2016, Plaintiff filed his response and the Court took this matter under advisement.

## BACKGROUND

On May 2, 2016, the Superior Court arbitrator issued a decision awarding Plaintiff partial damages. The arbitrator declined to award Plaintiff all damages sought, because she found that some of Plaintiff's damages were not "reasonable, necessary, and related to [the] [A]ccident." Specifically, the arbitrator did not award Plaintiff damages for the following medical expenses: Key Health for $9,161.00; Heritage Therapeutics for $1,796.21; prescriptions for $1,460.90; Dr. Conrad King's pain management services for $1,752.50; Aegis Sciences Corporation for

2

$1,370.00; Auto Rx for $2,230.95; and Delaware Diagnostics & Rehab Center for $978.75.[1] In addition, the arbitrator declined to award Plaintiff's requested $8,118.00 in lost wages.

Plaintiff brought the present action pursuant to 21 *Del C.* § 2118, and asserts that his damages are reasonable, necessary and causally related to the Accident. Even though previously requested and ruled upon in the Superior Court arbitration, Plaintiff's Court of Common Pleas Complaint requests compensation for lost wages totaling $4,290.00, and the following medical expenses: Key Health for $9,161.00; Heritage Therapeutics for $1,796.21; prescriptions for $639.04; Dr. Conrad King's pain management services for $968.75; Aegis Sciences Corporation for $1,370.00; and Auto Rx for $2,661.05. The damages adjudicated at arbitration encompass all damages pled in this Court.

In its Motion to Dismiss, Nationwide contends that Plaintiff is precluded, under the doctrine of collateral estoppel, from again seeking as damages the expenses submitted and ruled upon by the arbitrator in the Superior Court action.

Plaintiff argues that collateral estoppel should not apply in this instance because doing so is against public and legislative policy. Plaintiff contends that collateral estoppel does not apply to arbitrations. He argues that the arbitration panel's award does not have the same preclusive force as a trial, because there is no record upon which to determine what transpired or whether any procedural safeguards were in place at arbitration.

## STANDARD OF REVIEW

*Court of Common Pleas Civil Rule* 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6), the Court "'must determine whether it appears with reasonable certainty that,

---

[1] The arbitrator declined to award damages for medical treatment provided after May 7, 2014. However, the arbitrator did grant damages for an MRI administered on June 18, 2014; these damages are not at issue in this matter.

3

under any set of facts which could be proven to support the claim, the plaintiff[ ] would not be entitled to relief.'"[2] The Court is required to accept only those "'reasonable inferences that logically flow from the face of the complaint,' [it] 'is not required to accept every strained interpretation of the allegations proposed by the plaintiff.'"[3]

## DISCUSSION

### A. *Issue Preclusion Applies to Binding Arbitration*

Delaware's public policy "supports giving finality to the decision of [an] arbitration panel,"[4] and "[a] written agreement to submit to arbitration . . . is valid, enforceable and irrevocable."[5] The Superior Court requires parties to engage in "compulsory alternative dispute resolution ("ADR"), the format of which is determined by the parties.[6] If agreed to *by the parties*, Superior Court ADR *may* include binding arbitration.[7] Pursuant to the *Uniform Arbitration Act* ("Arbitration Act") "parties are entitled to be heard . . . , present evidence material to the controversy[,] and to cross-examine witnesses appearing at the hearing."[8]

Plaintiff contends that Delaware legislative policy weighs against applying collateral estoppel when "arbitration is optional and [is] an alternative means to resolve disputes outside of litigation."[9] Plaintiff's argument relies upon *Halkiotis v. Lista*, a case brought on a personal injury protection ("PIP") claim.[10] In *Halkiotis*, the plaintiff requested optional legislature-

---

[2] *Vanderbilt Income & Growth Associates, L.L.C. v. Arvida/JMB Managers, Inc.*, 691 A.2d 609, 612 (Del. 1996) (citing *In re Tri-Star Pictures, Inc., Litig.*, 634 A.2d 319, 326 (Del. 1993)).
[3] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (quoting *Malpiede v. Townson*, 780 A.2d 1075, 1083 (Del. 2003)).
[4] *Cooper v. Celente*, 1992 WL 240419, at *7 (Del Super. Sep. 3, 1992).
[5] 10 *Del. C.* § 5701. Importantly, Delaware courts have applied *res judicata* to final arbitration awards, giving these awards the "same effect as a court's final judgment." *Mehiel v. Solo Cup Co.*, 2007 WL 901637, at *5 (Del. Super. Mar. 26, 2007); *see Cooper*, 1992 WL 240419, at *7 (Del. Super. Sep. 3, 1992) (holding *res judicata* applicable, in part, due to parties agreeing that arbitration decision would be final).
[6] Super. Ct. Civ. R. 16(b)(4).
[7] *Id.* (emphasis added).
[8] 10 *Del. C.* § 5708.
[9] Pl.'s Supp. Mot. ¶ 2.
[10] *Id.*

4

imposed insurance arbitration, was denied relief, and then filed a civil action in this Court.[11] In that action, the defendant sought summary judgment based on the defenses of issue and/or claim preclusion. The Court denied the defendant's motion for summary judgment, holding that although an arbitration panel ruled in defendant's favor, it was "settled law" that plaintiff did not "waive any . . . rights by any act relating to arbitration."[12] The *Halkiotis* court reasoned that because the *optional* arbitration was brought pursuant to section 2118(j), which section explicitly preserves a litigant's rights without regard to the outcome of arbitration, the plaintiff could still maintain the action.[13]

Unlike the optional arbitration addressed by the *Halkiotis* Court, Plaintiff commenced arbitration pursuant to *Superior Court Civil Rule* 16 ("Rule 16"), which was a prerequisite to bringing his claim before the Superior Court.[14] Notably, though ADR is mandatory, Rule 16 allows the parties discretion to select the *type* of ADR. Thus, even though Plaintiff had the opportunity to select non-binding arbitration, and in so doing preserve his rights to further litigate without exposure to an issue or claim preclusion defense, he voluntarily selected binding arbitration and consequently subjected the instant matter to a collateral estoppel defense. Hence, the *Halkiotis* opinion does not advance Plaintiff's argument. Indeed, the *Halkiotis* holding's tenor is not one of broad legislative policy import, as Plaintiff suggests, but is confined to section

---

[11] 1996 WL 1581141 (Ct. Com. Pl. Nov. 12, 1996).

[12] *Id.* (citing *Scott v. Bey*, 1986 WL 5865 (Apr. 28, 1986) (ORDER)). In its decision, the *Halkiotis* Court expressly relied upon the rationale set forth in *Bey*. The *Bey* Court did not apply collateral estoppel because section 2118(j) expressly reserved the parties' rights to litigate despite the outcome of arbitration, and it could not determine which issues were litigated at arbitration. Thus, the Court had an expressly finite basis for its decision not to apply collateral estoppel. In the instant matter, the inverse holds true: there is no question surrounding the issues litigated at binding arbitration, and Plaintiff failed to provide this Court with any similar statute reserving the parties' rights to litigate regardless of the arbitrator's findings.

[13] This type of arbitration is not presently at issue before the Court. Pursuant to section 2118(j), "arbitration shall be purely optional and neither party shall be held to have waived any of its rights by any act relating to arbitration." 21 *Del. C.* § 2118(j).

[14] Super. Ct. Civ. R. 16(b)(4); Super. Ct. Civ. R. 16(b)(4)(f)(i) provides that arbitration "is a process by which a neutral arbitrator hears both sides of a controversy and renders a fair decision based on the facts and the law. If the parties stipulate in writing the decision shall be binding, in which instance the case is removed from the Court's docket."

2118(j) optional arbitration. Thus, it is inapplicable to the binding arbitration at issue before this Court.

Plaintiff also argues that public policy precludes application of collateral estoppel where "the desire to end litigation and avoid conflicting decisions is overshadowed by statutory public policy and principles of fairness and justice."[15] Plaintiff predicates this public policy argument on the Delaware Supreme Court's *Messick v. Star Enterprises* decision. Notably, in *Messick*, the Delaware Supreme Court "strictly limited [the holding] to [the] narrow set of circumstances where a statute mandates that there be no election of remedies and the application of collateral estoppel would result in such an election."[16] The *Messick* plaintiff brought a workers compensation claim before an administrative board in an attempt to receive benefits pursuant to the Workers Compensation Statute ("Statute"). The Statute specifically reserved the rights of a workers compensation plaintiff "[to] proceed to enforce the liability of . . . [a] third party for damages" regardless of the outcome of the workers compensation claim.[17] The Court declined to apply collateral estoppel because of the Statute's express prohibition of the election of remedies and its reservation of rights to proceed regardless of the outcome of the prior action.[18]

Plaintiff argues that his plight is similar to that of the *Messick* plaintiff, in that application of collateral estoppel would result in an injustice by "forc[ing] [Plaintiff] to litigate his PIP suit before . . . [engaging] in arbitration for the third-party case,"[19] or else risk precluding future claims based upon the same factual issues. This comparison is inapposite. In *Messick*, the Statute implicitly barred the imposition of collateral estoppel where the plaintiff was forced into an election of remedies. In the instant matter, Plaintiff has failed to identify any similarly

---

[15] Pl.'s Mot. ¶ 5 (citing *Messick v. Start Enterprises*, 655 A.2d 1209, 1212 (Del. 1995)).
[16] 655 A.2d at 1213 (Del. 1995).
[17] *Messick*, 655 A.2d at 1212.
[18] *Id.* at 1213.
[19] Pl.'s Mot. ¶5.

6

operative statutory protections. Moreover, Plaintiff failed to demonstrate why this Court should rely on *Messick* when the Delaware Supreme Court limited its holding to the facts before that Court. Applying collateral estoppel in this instance would not run afoul of the narrow precedent set and policy concerns expressed by the *Halkiotis* or *Messick* Courts.

Plaintiff also contends that the arbitration should not have the same binding force as a judgment because it was not adjudicated before a court and there is "no record with which to determine what sort of procedural opportunities Plaintiff received [at arbitration]."[20] In his Response, Plaintiff failed to provide any compelling examples of such procedural deprivations beyond bare assertions that the Delaware Rules of Evidence do not apply and a record of the arbitration proceeding is not available.[21] Indeed, the Arbitration Act expressly affords parties several procedural safeguards such as the right to be heard, present the material aspects of the controversy, and to cross-examine witnesses. The Court is not persuaded that in arbitration Plaintiff was robbed of procedural safeguards afforded litigants in a civil trial nor deprived a full and fair opportunity to litigate. There exists no evidence in the record to support this argument. Therefore, the Court can only conclude that Plaintiff had a full and fair opportunity to litigate whether his damages were reasonably and causally related to the Accident. This Court will now address the issue of collateral estoppel.

**B.** *Collateral Estoppel Bars Relitigation of Plaintiff's Request for Damages*

Collateral estoppel will apply where the estopped party had a full and fair opportunity to litigate the issue and application would not cause injustice to that party.[22] Collateral estoppel will bar relitigation of an issue where:

---

[20] Pl.'s Mot. ¶8.

[21] Notably, Plaintiff was in the best possible position to obtain this information, as he retained the same law firm to handle both the Superior Court arbitration and the present matter.

[22]*See City of Newark v. Unemployment Insurance Appeal Board*, 802 A.2d 318, 324 (Del. Super. 2002).

(1) the issue previously decided is identical to the issue at bar; (2) the prior issue was finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party . . . to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[23]

Pursuant to 21 *Del. C.* § 2118, insurance carriers must compensate an insured for "reasonable and necessary" medical expenses and lost wages that relate to a motor vehicle accident covered by the insured's PIP policy.[24] "The statutory standard [of] reasonable and necessary . . . includes reasonable medical probability."[25] A plaintiff seeking reimbursement from an insurance carrier under the PIP statute "bears the burden of proof to establish by a preponderance of the evidence that the medical services received were *necessary* and that the bills or charges for such services were *reasonable*."[26]

Collateral estoppel precludes Plaintiff from relitigating the issue of whether the damages sought were reasonable, necessary, and causally related to the Accident, because that issue was already decided in binding arbitration. Every element of collateral estoppel is satisfied: the issue decided in arbitration is identical to the issue at bar—that the damages sought by Plaintiff in the Superior Court action were not reasonable, necessary, and causally related to the Accident. For the reasons set forth above, the arbitration is considered an adjudication on the merits and is given the same force as a final judgment. Nationwide invokes collateral estoppel against Plaintiff, who was a party to the arbitration hearing. Additionally, nothing on the record

---

[23] *Id.* at 324 (citing *Betts v. Townsends, Inc.* 765 A.2d 531, 535 (Del. 2000)).

[24] *State Farm Mut. Auto. Ins. Co. v. State Dep't of Natural Res. & Envtl. Control*, 2011 WL 2178676, at *2 (Del. Super. May 31, 2011); 21 *Del. C.* § 2118(a).

[25] *Id.*(quoting *Dennis v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 4409436, at *2 (Del. Super. Feb. 13, 2008)).

[26] *Mangene v. State Farm Ins.*, 2015 WL 4603052, at *3 (Del. Com. Pl. May 28, 2015) (quoting *Watson v. Metropolitan Property and Cas. Ins. Co.*, 2003 WL 22290906, at *5 (Del. Super. Ct. Oct. 2, 2003 (citing 17 Lee R. Russ & Thomas F. Segalla, Couch On Insurance § 254:59 (3d ed. 2001)) (internal brackets omitted)(emphasis added).

indicates that Plaintiff was materially limited from fully arguing the merits of Plaintiff's claim for damages.

## CONCLUSION

The doctrine of collateral estoppel bars Plaintiff from relitigating the issue of whether the damages sought are reasonable and necessary as required by 21 *Del. C.* § 2118. Therefore, Plaintiff is bound to the conclusions made at the Superior Court arbitration hearing. The arbitrator found that much of Plaintiff's medical expenses and lost wages were deemed not to be reasonable, necessary, and related to the Accident. Accordingly, Nationwide Mutual Fire Insurance Company's Motion to Dismiss Plaintiff's claim for medical expenses and lost wages is granted.

**IT IS SO ORDERED this 10th day of August 2016.**

Sheldon K. Rennie,
Judge

9