# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CONTINENTAL FINANCE COMPANY, LLC, | ) ) ) ) | |
| Plaintiff, | ) | C.A. No. N17C-07-002 MMJ CCLD |
| v. | ) ) ) | |
| TD BANK, N.A., | ) ) | |
| Defendant. | ) | |

Submitted: December 19, 2017
Decided: January 24, 2018

## OPINION

Jamie L. Edmonson, Esq., Jessie F. Beeber, Esq., Patrick J. Boyle, Esq. (Argued), Adam G. Possidente, Esq., Venable LLP Attorneys for Plaintiff Continental Finance Company, LLC

Alexander D. Bono, Esq. (Argued), Ryan E. Borneman, Esq., Lynne E. Evans, Esq., Oderah C. Nwaeze, Esq., Mackenzie M. Wrobel, Esq., Duane Morris LLP, Attorneys for Defendant TD Bank, N.A.

**JOHNSTON, J.**

## FACTUAL AND PROCEDURAL CONTEXT

This is a negligence case arising out of an embezzlement scheme perpetrated by a non-party to this suit. Plaintiff Continental Finance Company, LLC ("Continental") opened a business account and subscribed to electronic banking services with Defendant TD Bank. In order to do so, Continental entered into a Business Deposit Account Agreement and a number of master agreements with TD

Bank. In a series of fraudulent transfers from Continental's TD Bank account, Continental's Vice President of Accounting embezzled more than $6 million from Continental, a crime to which she pleaded guilty. Continental then brought this action against TD Bank, alleging that TD Bank negligently failed to detect the embezzlement scheme.

TD Bank now brings this motion to dismiss Continental's complaint. TD Bank argues that the negligence claim is barred by the parties' contractual obligations, by the economic loss doctrine, and because the UCC displaces a common law negligence action under these facts.

## MOTION TO DISMISS STANDARD

In a Rule 12(b)(6) motion to dismiss, the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[1] The Court must accept as true all well-pleaded allegations.[2] Every reasonable factual inference will be drawn in the non-moving party's favor.[3] If the claimant may recover under that standard of review, the Court must deny the motion to dismiss.[4]

---

[1] *Spence v. Funk*, 396 A.2d 967, 968 (Del.1978).
[2] *Id.*
[3] *Wilmington Sav. Fund. Soc'y, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del.2005)).
[4] *Spence*, 396 A.2d at 968.

## ANALYSIS

Continental argues that the Court cannot consider documents extraneous to the complaint when considering this motion. It is indeed a "general rule that matters outside of the pleadings should not be considered in ruling on a Rule 12(b)(6) motion to dismiss."[5] That general rule does not apply, however, when "the document is integral to a plaintiff's claim and incorporated into the complaint" or "when the document is not being relied upon to prove the truth of its contents."[6] Plaintiffs may not avoid this exception simply by declining to attach an otherwise fatal, integral document. "[W]hen plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading . . . ."[7]

Here, Continental asserts a simple negligence claim against TD Bank. Though Continental declined to attach the relevant documents to its complaint, the parties' relationship is governed by contracts, which define the extent of TD Bank's liability.

Section 9.2 of the parties' 2006 Master Agreement states that TD Bank may

---

[5] *Vanderbilt Income and Growth Assocs., L.L.C. v. Arvida/JMB Managers, Inc.*, 691 A.2d 609, 612 (Del. 1996) (citing *In re Santa Fe Pac. Corp. Shareholder Litig.*, 669 A.2d 59, 68 (Del. 1995)).

[6] *Id.* at 613.

[7] *Ash-Ramunno Assoc., Inc. v. Branner*, 1993 WL 193216, at *2 (Del. Ch.) (quoting *Lewis v. Straetz*, 1986 WL 2252, at *3 (Del. Ch.)).

be liable for acts of negligence.[8]  A later agreement narrows TD Bank's liability. Section 15.1 of the parties' 2011 Cash Management Master Agreement limits TD Bank's liability only to "gross negligence, willful misconduct, or bad faith."[9]

Even at the motion to dismiss stage, artful pleading cannot alter the undisputed fact that clear, unambiguous, plain contract language defines the extent of TD Bank's liability.  Continental cannot simply ignore the parties' contracts and assert tort claims to prevent the Court from considering agreements that are central to the legal relationship of the parties.  Where a contract specifically allocates risks between the parties, the Court may consider the contract for purposes of a motion to dismiss.

Section 15.1 of the 2011 Cash Management Master Agreement explicitly allocates the risk between the parties.  The 2011 Agreement bars tort claims not brought under a theory of "gross negligence, willful misconduct, or bad faith."[10] Continental's complaint only alleges simple negligence, not "gross negligence, willful misconduct, or bad faith."[11]  Therefore, any claims grounded in simple negligence arising after the execution of the 2011 Cash Management Master

---

[8] Opening Br. Ex. A ("Unless due to Bank's negligence or willful misconduct, Bank shall have no liability to Company if the Services are utilized by . . . Company's employee(s) . . . for a purpose or in a manner not contemplated or allowed by this Master Agreement or the Rules.").
[9] Opening Br. Ex. B.
[10] *Id.*
[11] *Id.*

4

Agreement are barred.[12]

The complaint also must be dismissed because Continental has alleged a common law negligence claim in an area of law governed by the UCC. "Common law claims as they apply to the duties of a depository bank are displaced only to [t]he extent that the UCC contains particular provisions regarding those duties."[13] The policy underlying this rule is the recognition that the UCC promotes certainty in commercial disputes "by allocating responsibility among the parties according to whoever is best able to prevent a loss."[14]

Sections 4A-201–203 of title 6 of the Delaware Code address the duties of banks and customers when authorizing the sort of electronic transfers of funds at the heart of this case. The statute provides a means for determining when such a transfer is effective,[15] lists factors for determining the commercial reasonableness of a bank's security procedure,[16] and, most significantly, whether a bank is entitled to enforce

---

[12] TD Bank also argues that the complaint should be dismissed under the economic loss doctrine. "The economic loss doctrine provides that 'where an action is based entirely on a breach of the terms of a contract between the parties and not on a violation of an independent duty imposed by law, a plaintiff must sue in contract and not in tort.'" *Edelstein v. Goldstein*, 2011 WL 721490, at *7 (Del. Super.) (quoting *Pinkert v. Olivieri*, 2001 WL 641737, at *5 (D. Del.)). Because the parties' contracts in this case specifically contemplate certain tort claims, the economic loss doctrine does not apply. *See Rushing v. Wells Fargo Bank, N.A.*, 752 F. Supp. 2d 1254, 1263 (M.D. Fl. 2010) (finding the economic loss doctrine did not apply when the parties "recognized" in an agreement that the defendant could be held liable for its own negligence).
[13] *Mahaffy & Assocs., Inc. v. Long*, 2003 WL 22351271, at *6 (Del. Super.).
[14] *Id.* (quoting *American Airlines Employees Fed. Credit Union v. Martin*, 29 S.W.3d 86, 92 (Tex. 2000)).
[15] 6 *Del. C.* § 4A-202(b).
[16] 6 *Del. C.* § 4A-202(c).

5

an unauthorized payment caused by a person entrusted by a customer to act on behalf of the customer.[17]

Continental's common law negligence claim is based on TD Bank's alleged failure to investigate, monitor the account, and provide Continental with sufficiently detailed account statements—in other words, the reasonableness of and compliance with TD Bank's security procedures, questions that cannot be answered without reference to the statute. This is a section of the UCC enacted to govern exactly this type of dispute, crafted according to careful consideration of which party is better positioned to minimize the risk of loss.[18] A claim under a theory of common law negligence might involve different considerations and could produce a result contrary to the statute. Sections 4A-201–203 "establish[] the rights of the parties," therefore, "competing theories of liability are not permitted."[19]

## CONCLUSION

Continental's simple negligence claims are barred by the clear and unambiguous language of the agreements governing the parties' relationship and are preempted by the UCC. Continental's complaint is hereby **DISMISSED**

---

[17] 6 *Del. C.* § 4A-203(a)(2).

[18] *See, e.g.*, 6 *Del. C.* § 4A-203, cmt. 3 ("The burden of making available commercially reasonable security procedures is imposed on receiving banks because they . . . are in the best position to evaluate the efficacy of procedures offered to customers to combat fraud. The burden on the customer is to supervise its employees to assure compliance with the security procedure and to safeguard confidential security information and access to transmitting facilities so that the security procedure cannot be breached.").

[19] *Mahaffy*, 2003 WL 22351271, at *6.

**WITHOUT PREJUDICE.**

Any negligence claims arising prior to 2011 are not barred by contract, but are displaced by 6 *Del. C.* §§ 4A-201–203. Claims grounded in "gross negligence, willful misconduct, or bad faith"[20] supported by particularized factual allegations are not contractually excluded, but must be asserted pursuant to any relevant UCC provisions.

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[20] Opening Br. Ex. B.

7