## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| HASAN KHUSHAIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N15C-11-212-PRW |
| | ) | |
| TULLOW INC. d/b/a | ) | |
| APPOSTROPHIC, | ) | |
| APPOSTROPHIC LLC, | ) | |
| OUTREACH GLOBAL, LTD., | ) | |
| and NATHAN GIBSON, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: June 15, 2016
Decided: June 27, 2016

## MEMORANDUM OPINION AND ORDER

*Upon Defendant, Tullow, Inc.'s, Motion to Dismiss Plaintiff's Complaint,*
**DENIED in part, and GRANTED, in part.**

Gordon J. Zuiderweg, Esquire, (*pro hac vice*), Law Offices of Barry K. Rothman, Los Angeles, California, Nicholas G. Kondraschow, Esquire, (Argued), Rhodunda & Williams, Wilmington, Delaware, Attorney for Plaintiff.

Todd A. Holleman, Esquire, Robert E. Murkowski, Esquire, Miller, Canfield, Paddock and Stone, PLC, Detroit, Michigan, John A. Sensing, Esquire, (Argued), Potter Anderson & Corroon LLP, Attorneys for Defendant, Tullow Inc.

**WALLACE, J.**

## I. INTRODUCTION

Before the Court is Defendant Tullow, Inc.'s d/b/a Appostrophic ("Tullow")

motion to dismiss Counts I-V and VII-X of Plaintiff's, Hasan Khushaim

("Khushaim"), Complaint.[1]  In January 2013, Khushaim hired Tullow to design

and build a mobile application.  Tullow was to be paid in four installments totaling

$75,000.  The parties memorialized the terms of their agreement in a "Project

Development Contract," dated January 29, 2013.  Khushaim now alleges multiple

contract, tort, and fraud claims against Tullow based on their failure to deliver a

completed version of the mobile application and their failure to return Khushaim's

original software, as required under the PDC.

Tullow maintains that Khushaim's sole claim centers on breach of contract,

such that all other claims should be dismissed under Superior Court Civil Rule

12(b)(6).  Additionally, Tullow argues that, even if Tullow is found in breach of

contract, the terms of the PDC expressly limit Khushaim's recovery to specific

performance.  Thus, Tullow moves to dismiss the breach of contract claim to the

extent that it seeks monetary damages.

For the reasons set forth below, Tullow's Motion is **DENIED** as to Count I

(breach of contract), and is **GRANTED** as to Count II (breach of the implied

---

[1]     Tullow is not the named Defendant in Count VI of Khushaim's Complaint. *See* Compl.
¶¶ 62-72.

covenant of good faith and fair dealing); Count III (fraud); Count IV (negligence); Count V (negligent provision of information/§ 522 of the Restatement (Second) of Torts); Count VII (conversion); Count VIII (unjust enrichment); Count IX (intentional infliction of emotional distress); and Count X (civil conspiracy).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In January 2013, Khushaim sent an internet inquiry to Tullow requesting that they develop a mobile application based on two Arabic card games for Apple and Android phones.[2] The parties entered into a Project Development Contract (the "PDC"), which was electronically signed by Khushaim on January 29, 2013.[3] Under the terms of the PDC, Khushaim contracted Tullow to "develop, design, and implement" the applications for a total of $75,000, to be paid in four payments of $18,750, due after specified benchmarks.[4]

Khushaim alleges that he was then in "constant" communication with Tullow from January 2013 until June 2014.[5] During that time, Khushaim made the

---

[2]  *Id.* ¶¶ 7-8.

[3]  *Id.* ¶¶ 9-11; Def.'s Mot. to Dismiss Ex. 1.

[4]  Def.'s Mot. to Dismiss, Ex. 1 (Under the terms of the "Payment Schedule," 25% of the total payment was due after "Design and Delivery of Prototype," "Programming & Development," "User Acceptance Testing," and "Deployment"). *See also* Compl. ¶¶ 11, 13.

[5]  Compl. ¶ 12.

first three installment payments.[6] He paid an additional $20,000 on May 28, 2013 for upgrades to the programs.[7]

Despite numerous promises by Tullow, the final stage of the contract – "Deployment" – was never completed.[8] Khushaim never received final versions of the mobile applications.[9] And, since June 2014, he has been unable to reach any Tullow representative.[10] Khushaim also maintains that Tullow has failed to return his original copyrighted software designs.[11]

As a result of Tullow's failure to complete the applications, Khushaim initiated suit in the Superior Court of the State of California, County of Los Angeles, on October 3, 2014.[12] The California court dismissed Khushaim's complaint against Tullow for lack of personal jurisdiction, noting that the PDC included a Delaware forum selection clause.[13]

---

[6]     *Id.* ¶ 13.

[7]     *Id.*

[8]     *Id.* ¶¶ 13-14.

[9]     *Id.* ¶ 14.

[10]    *Id.* ¶ 15.

[11]    *Id.* ¶ 16.

[12]    *Id.* ¶ 18 (referencing Case No. BC559795).

[13]    *Id.*

Khushaim reinitiated action against Tullow here in Delaware on November 24, 2014. He brings nine claims against Tullow – alleging damages of 27 million dollars for lost mobile game subscription sales – including: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) fraud; (4) negligence; (5) negligent provision of information/§ 522 of the Restatement (Second) of Torts; (6) conversion; (7) unjust enrichment; (8) intentional infliction of emotional distress; and (9) civil conspiracy.[14]

Tullow now moves to dismiss all claims under Superior Court Civil Rule 12(b)(6).

## III. STANDARD OF REVIEW

A motion to dismiss under Civil Rule 12(b)(6) will be granted where the plaintiff cannot recover "under any reasonably conceivable set of circumstances susceptible of proof."[15] In considering a motion to dismiss, the Court will:

> (1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as "well pleaded" if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) [not dismiss the claims] unless the plaintiff would

---

[14] *Id.* ¶¶ 17, 19-61, 73-105. Khushaim also brings a claim for conversion against Defendant Outreach Global, which is not addressed in this Opinion. See *id.* at ¶¶ 62-72.

[15] *Begum v. Singh*, 2013 WL 5274408, at *3 (Del. Super. Ct. Sept. 18, 2013) (citation omitted).

not be entitled to recover under any reasonably conceivable set of circumstances.[16]

Yet, "[w]here allegations are merely conclusory . . . (*i.e.*, without specific allegations of fact to support them) they may be deemed insufficient to withstand a motion to dismiss."[17]

A plaintiff bringing a claim for fraud or misrepresentation faces a heightened particularity standard under this Court's Civil Rule 9(b).[18] This requires the plaintiff to allege the "time, place, and contents of the alleged fraud" as well as the identity of the person accused of committing the fraud.[19]

In deciding this Rule 12(b)(6) dismissal motion, the Court may consider certain material documents referenced in Khushaim's Complaint – in this case, the PDC.[20]

---

[16] *See Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 535 (Del. 2011) (stating standard for motions to dismiss).

[17] *Lord v. Souder*, 748 A.2d 393, 398 (Del. 2000), citing *In re Tri-Star Pictures, Inc. Litig.*, 634 A.2d 319, 326 (Del. 1993).

[18] Super. Ct. Civ. R. 9(b); *Universal Capital Mgmt. Inc. v. Micco World, Inc.*, 2012 WL 1413598, at *2 (Del. Super. Ct. Feb. 1, 2012).

[19] *Id.* (quoting *Northpointe Holdings, Inc. v. Nationwide Emerging Managers, LLC*, 2010 WL 3707677, at *8 (Del. Super. Ct. Sept. 14, 2010)).

[20] *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 69-70 (Del. 1995) (adopting the rule that "[i]n particular instances and for carefully limited purposes" a court may consider a document outside of the pleadings when the document is "integral to a plaintiff's claim and incorporated in the complaint. . .").

## IV.  DISCUSSION

### A.  BREACH OF CONTRACT (COUNT I)

In Count I, Khushaim claims that Tullow breached the PDC by failing to deliver a completed mobile application and failing to return his original software. In order to survive a motion to dismiss, a plaintiff pleading breach of contract must allege: (1) the existence of a contract; (2) that the contract was breached; and (3) damages suffered as a result of the breach.[21]  At the motion to dismiss stage, this Court "cannot choose between two differing reasonable interpretations of ambiguous provisions."[22]  In other words, "[d]ismissal is proper only if the defendant['s] interpretation is the *only* reasonable construction as a matter of law."[23]  But "when parties present differing – but reasonable – interpretations of a contract term," the Court must examine extrinsic evidence to discern the parties' agreement; "[s]uch an inquiry cannot proceed on a motion to dismiss."[24]

---

[21]  *eCommerce Indus., Inc. v. MWA Intelligence, Inc.*, 2013 WL 5621678, at *13 (Del. Ch. Sept. 30, 2013); *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003).

[22]  *VLIW Tech.*, 840 A.2d at 615 ("[F]or purposes of deciding a motion to dismiss, [ambiguous provisions'] meaning must be construed in the light most favorable to the non-moving party.").

[23]  *Vanderbilt Income & Growth Assocs., L.L.C. v. Arvida/JMB Managers, Inc.*, 691 A.2d 609, 613 (Del. 1996).

[24]  *Renco Grp., Inc. v. MacAndrews AMG Holdings LLC*, 2015 WL 394011, at *5 (Del. Ch. Jan. 29, 2015) (citing *Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1291 (Del. 2007)).

Khushaim and Tullow don't dispute the existence of a valid contract. They disagree as to the proper measure of damages if Tullow is found to be in breach. Tullow says that relief should be limited to specific performance – *i.e.*, the return of the software – rather than monetary damages.[25] In support, Tullow points to one sentence in the PDC's section 10(C): "In the event of early termination due to Appostrophic's default, Appostrophic agrees to deliver the Software then completed."[26]

Whether this provision even relates to contractual damages is, at best, ambiguous. Tullow ignores that the cited sentence lies within a section titled "Ownership of Software." It is reasonable, therefore, to conclude that the paragraph relates only to the parties' property ownership rights, rather than limiting parties to specific damages. Additionally, there is no indication that the parties intended to override the traditional preference for damages as the remedy for nonperformance of a contract.[27] Nowhere does the PDC use the term "remedy," "damage," or "sole remedy." While no "magic words" are required to create a sole remedy clause, the parties must demonstrate some showing of intent

---

[25]     Def.'s Mot. to Dismiss at 4.

[26]     Def.'s Mot. to Dismiss Ex. 1 at ¶ 10(C).

[27]     *See Universal Enter. Grp., L.P. v. Duncan Petroleum Corp.*, 2013 WL 3353743, at *18 (Del. Ch. July 1, 2013) ("[t]he primary if not the only remedy for injuries caused by the nonperformance of most contracts is an action for damages. . .") (quoting 24 Williston on Contracts § 64:1 (4th ed.)).

that they planned to create one.[28] Absent this intent, the PDC is ambiguous as to whether specific performance is the sole remedy for its breach. Therefore, Tullow's motion to dismiss **COUNT I**, for breach of contract, is **DENIED**.

## B. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (COUNT II)

Tullow also moves to dismiss Khushaim's claim for breach of the implied covenant of good faith and fair dealing. To state a claim for breach of the implied covenant, a plaintiff must allege: (1) a specific implied contractual obligation; (2) a breach of that obligation; and (3) resulting damage.[29] In his complaint, Khushaim identifies three "implied" duties that Tullow breached: (1) "accepting payment and failing to complete the development of the two mobile applications"; (2) "failing to deliver final versions of the two mobile applications"; and (3) "failing to return Khushaim's copyrighted software designs."[30] Khushaim also alleges that, as a result of these breaches, he "did not receive the benefit of his bargain" with Tullow.[31]

---

[28]   *See GMG Capital Investments, LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 782 (Del. 2012) ("Stretching the 'sole remedy' clause to cover" additional contractual obligations "is difficult . . . where the clause is couched in seemingly irrelevant language. One would expect the 'sole remedy' language to exist in a separate clause if the parties' intended it to cover any breach of the Agreement.").

[29]   *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 888 (Del. Ch. 2009).

[30]   Compl. ¶ 32.

[31]   *Id.* ¶ 36.

Because a breach of the implied covenant claim cannot be based on conduct that the contract expressly addresses, this claim must be dismissed. The implied covenant of good faith and fair dealing cannot be used to create a "free-floating duty . . . unattached to the underlying legal document."[32] Even when applied in contract matters, it "should be rare and fact-intensive, turning on issues of compelling fairness."[33] And so it is invoked only "when the contract is truly silent with respect to the matter at hand, and . . . when . . . the expectations of the parties were so fundamental that it is clear that they did not feel a need to negotiate about them."[34] "[M]erely repeating the defendant's allegedly improper acts or omissions already the subject of a separate breach of contract claim is insufficient to support a claim for breach of the implied covenant of good faith and fair dealing."[35] In

---

[32] *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 441 (Del. 2005).

[33] *Cincinnati SMSA Ltd. P'ship v. Cincinnati Bell Cellular Sys. Co.*, 708 A.2d 989, 992 (Del. 1998).

[34] *Allied Capital Corp. v. GC–Sun Holdings, L.P.*, 910 A.2d 1020, 1032-33 (Del. Ch. 2006).

[35] *Haney v. Blackhawk Network Holdings, Inc.*, 2016 WL 769595, at *9 (Del. Ch. Feb. 26, 2016) (dismissing claim for breach of the implied covenant where the plaintiff relied entirely on his claim that the defendant violated provisions of the contract); *Fortis Advisors LLC v. Dialog Semiconductor PLC*, 2015 WL 401371, at *5 (Del. Ch. Jan. 30, 2015) (dismissing implied covenant claim where defendant mimicked the language of its breach of contract claim and failed to allege any actions or failures not controlled by the agreement).

short, where the contract specifically addresses the alleged misconduct, its terms will be applied and an implied covenant claim will not stand.[36]

Here, the PDC specifically addresses Khushaim's claims regarding Tullow's alleged failure to complete the development and delivery of the mobile application. Section 1 of the PDC, titled "Duties and Responsibilities," expressly outlines the specific requirements that Tullow must satisfy to avoid breaching the contract. Tullow "shall design, develop, and implement applications" and return the software to Khushaim.[37] Khushaim merely realleges his breach of contract claim as an implied breach of covenant.[38] Because this latter claim relies completely on rights and obligations provided in the PDC, it must be dismissed. Tullow's motion is **GRANTED** as to **COUNT II**, which alleges breach of the implied covenant of good faith and fair dealing.

### C. NEGLIGENCE (COUNT IV)

Khushaim also alleges a claim for negligence, specifically that Tullow breached their "duty to provide full and accurate information" regarding the development and delivery of the mobile application by "providing Khushaim with

---

[36] *Dunlap*, 878 A.2d at 441 ("one generally cannot base a claim for breach of the implied covenant on conduct authorized by the terms of the agreement.").

[37] Def.'s Mot. to Dismiss Ex. 1 at ¶ 1. *See also id.* at ¶ 10(C) (agreeing to return Software in the event of default).

[38] *Compare* language in breach of contract claim, Compl. ¶ 25, *with* nearly identical language in breach of implied covenant claim, *id.* ¶ 32.

-11-

false, inadequate, inaccurate, and misleading information."[39] The economic loss doctrine bars this claim.

The economic loss doctrine was adopted to prohibit a plaintiff from bringing a tort claim "where overlapping claims based in contract adequately address the injury alleged."[40] "The driving principle for the rule is the notion that contract law provides a better and more specific remedy than tort law."[41] Application of the doctrine is "especially suited to cases where privity of contract" exists between the parties.[42] But even where parties are connected in contract, a tort and contract claim might co-exist if "the defendant breached a duty that is *independent* of the duties imposed by the contract."[43]

Not so here. Khushaim's negligence claim is based entirely on the parties' contractual rights and obligations. Tullow's alleged "duty to provide information" is not independent from the PDC itself. Under its terms, Tullow must "report all findings and make all recommendations directly to" Khushaim.[44] Likewise, the

---

[39] *Id.* ¶¶ 50-53.

[40] *Brasby v. Morris*, 2007 WL 949485, *6 (Del. Super. Ct. Mar. 29, 2007); *McKenna v. Terminex Int'l Co.*, 2006 WL 1229674, at *2 (Del. Super. Ct. Mar. 13, 2006) (discussing history of the doctrine in Delaware).

[41] *Brasby*, 2007 WL 949485, at *6.

[42] *Danforth v. Acorn Structures, Inc.*, 608 A.2d 1194, 1200 (Del. 1992).

[43] *McKenna*, 2006 WL 1229674, at *2 (emphasis added).

[44] Def.'s Mot to Dismiss Ex. 1 at ¶ 1.

-12-

alleged damages stem directly from the breached contract and are solely economic in nature.[45] As such, the traditional damages afforded under contract law will provide a more appropriate remedy than offered under tort law.[46]

Khushaim's negligence claim has alleged neither a duty nor damages independent from the parties' contractual obligations. Tullow's motion is **GRANTED** as to **COUNT IV**, for negligence.

### D. Fraud (Count III)

In Count III, Kushaim alleges that Tullow made "several false statements and representations of material fact regarding essential parts of the transaction including, . . . that they would develop the subject mobile applications, that they would deliver final versions of the two mobile applications, and that they would return Kushaim's copyrighted software designs."[47] Tullow urges, first, that these allegations do not meet Civil Rule 9's particularity standard, in that the fraud claim is entirely duplicative of his breach of contract claim.[48] In the alternative, Tullow

---

[45] *See McKenna*, 2006 WL 1229674, at *4 ("Economic loss has been defined as any monetary loss, costs of repair or replacement, loss of employment, loss of business or employment opportunities, loss of good will, and diminution in value.") (citations omitted).

[46] *See Brasby*, 2007 WL 949485, at *7 (dismissing negligence claims where the "damages alleged were the foreseeable consequence of the unfulfilled [contract]. . .").

[47] Compl. ¶ 40.

[48] Def.'s Mot. to Dismiss at 7-10.

argues that the economic loss doctrine bars this claim because the alleged fraudulent behavior only relates to the performance of the contract.[49]

To state a claim for common law fraud Khushaim must plead facts supporting an inference that: (1) Tullow falsely represented or omitted facts that it had a duty to disclose; (2) Tullow knew or believed that the representation was false or made the representation with a reckless indifference to the truth; (3) Tullow intended to induce Khushaim to act or refrain from acting; (4) Khushaim acted in justifiable reliance on the representation; and (5) Khushaim was injured by his reliance.[50] Under Civil Rule 9(b), claims of fraud must "be stated with particularity"[51] and detail the "time, place and content" of the alleged misconduct and the identity of the alleged bad actor.[52] This heightened standard applies equally to the pleading for damages alleged to flow from fraud.[53]

Nothing in Khushaim's Complaint approaches Rule 9(b)'s particularized facts standard. He alleges that Tullow "knew or should have known" that it made

---

[49]     *Id.* at 10-11.

[50]     *See Gaffin v. Teledyne Inc.*, 611 A.2d 467, 472 (Del. 1992).

[51]     Super. Ct. Civ. R. 9(b).

[52]     *Universal Capital Mgmt. v. Micco World, Inc.*, 2012 WL 1413598, *4 (Del. Super. Ct. Feb. 1, 2012).

[53]     *See Cornell Glasgow, LLC v. La Grange Properties, LLC*, 2012 WL 2106945, at *8 (Del. Super. Ct. June 6, 2012) (dismissing fraud claim that failed to allege damages "caused by the fraud separate and apart from the alleged breach [of contract] damages.").

"several false statements and representations of material fact regarding" their performance under the contract. But the Complaint provides scant content for any of the "several" allegedly false statements.

And what little content Khushaim provides is a simple reprise of the allegations made in Khushaim's breach of contract claim.[54] At its core, the Complaint supports its fraud claim with nothing more than Tullow's alleged intention not to follow through with its contractual obligations under the PDC.[55] Merely stating that Tullow never intended to comply with the PDC when the parties entered into it does not satisfy fraud's pleading requirement.[56] While the Court can interpret statements of future intent to perform as the basis for a fraud claim, it will do so *only* if the plaintiff alleges "particularized facts that allow the Court to infer that, at the time the promise was made, the speaker had no intention

---

[54] *Compare* Compl. ¶ 25 (The claim for breach of contract alleges that Tullow breached the PDC by "failing to complete the development of two mobile applications, failing to deliver final versions of the two mobile applications to Khushaim and failing to return Khushaim's copyrighted software design.") *with id.* ¶ 40 (Khushaim's fraud claim alleges that Tullow falsely represented that "they would develop the subject mobile applications, that they would deliver final versions of the two mobile applications, and that they would return Khushaim's copyrighted software designs."). These are identical allegations.

[55] *Id.* ¶¶ 40-42.

[56] *See Narrowstep, Inc. v. Onstream Media Corp.*, 2010 WL 5422405, at *15 (Del. Ch. Dec. 22, 2010); *Iotex Commc'ns, Inc. v. Defries*, 1998 WL 914265, at *4 (Del. Ch. Dec. 21, 1998) (stating the "general rule of law that one cannot 'bootstrap' a claim of breach of contract into a claim of fraud merely by alleging that a contracting party never intended to perform its obligations.").

-15-

of keeping it."[57] Khushaim's pleadings lack any specific factual allegations supporting a reasonable inference that Tullow never intended to comply with the PDC's terms. His allegations are vague, conclusory,[58] and fail to provide Tullow with sufficient information concerning the circumstances of the alleged fraud. In turn, Khushaim fails to satisfy Rule 9(b)'s particularity requirement.[59]

Too, the damages alleged lack any particularity and merely repeat the damages alleged in Khushaim's breach of contract claim. Under Delaware's pleading standard, a plaintiff's fraud claim "may not simply 'rehash' the damages allegedly caused by the breach of contract."[60] The breach of contract claim pleads,

---

[57] *MicroStrategy Inc. v. Acacia Research Corp.*, 2010 WL 5550455, at *15, n. 107 (Del. Ch. Dec. 30, 2010) (citing *Grunstein v. Silva*, 2009 WL 4698541, at *13 (Del. Ch. Dec. 8, 2009) ("Courts, however, will convert an unfulfilled promise of future performance into a fraud claim if particularized facts are alleged that collectively allow the inference that, at the time the promise was made, the speaker had no intention of performing.")). *See also BAE Sys. N. Am. Inc. v. Lockheed Martin Corp.*, 2004 WL 1739522, at *8 (Del. Ch. Aug. 3, 2004) (dismissing claim for fraud because plaintiff's claim was based on the defendant's failure to disclose its intent not to perform its obligations under the parties contract).

[58] *See CSH Theatres, LLC v. Nederlander of San Francisco Assocs.*, 2015 WL 1839684, at *22 (Del. Ch. Apr. 21, 2015) (dismissing fraudulent inducement claim where allegations were conclusory in nature, describing the misstatements as only "false when made"). *See also* Compl. ¶ 41 (describing representations as "false at the time they were made.").

[59] To the extent that Khushaim argues that more discovery is necessary to develop his fraud claim, this Court agrees that "this kind of conclusory allegation in the absence of any particularized facts is contrary to the limitations of Rule 9(b)." *Crescent/Mach I Partners, L.P. v. Turner*, 846 A.2d 963, 988-89 (Del. Ch. 2000) (stating that "no Delaware precedent that permits a conclusory allegation to proceed on the basis that later discovery will fill in the purported gaps if only the pleading is allowed to survive a motion to dismiss.").

[60] *ITW Glob. Invs. Inc. v. Am. Indus. Partners Capital Fund IV, L.P.*, 2015 WL 3970908, at *5 (Del. Super. Ct. June 24, 2015) (citing cases).

"[a]s a direct and proximate result of [Tullow's] breaches, Khushaim has . . . paid $76,250.00 to Defendants without receiving the final versions of the two mobile applications; Khushaim lost $27,000,000.00 in subscription revenue from the two mobile applications; and [Tullow has] failed to return Khushaim's copyrighted software designs."[61] Khushaim seeks for the alleged breach of contract "compensatory damages, consequential damages, direct damages, expectation damages, incidental damages and punitive damages, cost of this action, and attorney's fees."[62] The fraud damages are a copy-and-paste recitation of these contract damages, replacing only the word "breaches" with the word "fraud."[63] Khushaim has merely pled identical damages; he fails to separate the damages incurred by any alleged fraudulent conduct from those incurred by any alleged breach of contract under the PDC. His damages pleading is the precise type of "rehash" that Delaware courts prohibit.[64]

---

[61]    Compl. ¶ 27.

[62]    *Id.* ¶ 28.

[63]    *Id.* ¶¶ 46-47 ("As a direct and proximate result of [Tullow's] *fraud*, Khushaim has …paid $76,250.00 to Defendants without receiving the final versions of the two mobile applications; Khushaim lost $27,000,000.00 in subscription revenue from the two mobile applications; and [Tullow has] failed to return Khushaim's copyrighted software designs…[damages include] compensatory damages, consequential damages, direct damages, expectation damages, incidental damages and punitive damages, cost of this action, and attorney's fees.").

[64]    *See, e.g., ITW Glob.,* 2015 WL 3970908, at *5 (dismissing claim for fraud where plaintiff pleaded materially identical damages) (quoting *Cornell,* 2012 WL 2106945, at *8 (dismissing fraud claims where breach of contract claim alleged identical damages)).

Khushaim fails to plead a fraud claim meeting Rule 9(b)'s particularity standard. Tullow's motion to dismiss **Count III** for fraud is **GRANTED**. And so, this Court need not address the application of the economic loss doctrine.[65]

### E. NEGLIGENT PROVISION OF INFORMATION, RESTATEMENT (SECOND) OF TORTS § 552 (COUNT V)

Count V of the Complaint brings a claim under § 552 of the Restatement (Second) of Torts – recognized in Delaware as the tort for negligent provision of information.[66] To bring a claim for economic loss under the § 552 exception, Khushaim must prove two things: (1) that Tullow supplied information to Khushaim for use in business transactions with third parties, and (2) that Khushaim is in the business of supplying information.[67]

Even considering all facts in the Complaint as true, nothing brings this claim within the scope of § 552. The Complaint does not say that Tullow supplied false information to Khushaim that would be used in transactions with anyone other than Khushaim himself. And it is not clear from the Complaint that Tullow is in the

---

[65] Even if Khushaim's fraud claim met Rule 9(b)'s requirement, under the economic loss doctrine, "a fraud claim alleged contemporaneously with a breach of contract claim may survive, so long as the claim is based on conduct that is separate and distinct from the conduct constituting breach." *Aviation W. Charters, LLC v. Freer*, 2015 WL 5138285, at *6 (Del. Super. Ct. July 2, 2015 (quoting *Furnari v. Wallpang, Inc.*, 2014 WL 1678419, at *8 (Del. Super. Ct. Apr. 16, 2014) (dismissing fraud claim where it was duplicative of breach of contract claim)). For the above-mentioned reasons, the doctrine would likely apply here.

[66] RESTATEMENT (SECOND) OF TORTS § 552 (1977); *see Palma, Inc. v. Claymont Fire Co., No. 1*, 2009 WL 3865395, at *1 (Del. Super. Ct. Nov. 18, 2009).

[67] *See Palma*, 2009 WL 3865395, at *1.

-18-

business of supplying information to its customers. So Khushaim has not pled sufficient facts to support a claim for negligent provision of information and Tullow's Motion to Dismiss **Count V** must be **GRANTED.**

### F. CONVERSION (COUNT VII)

In Count VII, Kushaim brings a claim for conversion. The Complaint alleges Tullow "intentionally and unlawfully took possession" of and failed to return Kushaim's software designs.[68]

At oral argument on this motion, Tullow said that the software had been returned to Khushaim.[69] Khushaim denied any knowledge of the software's return.[70] In a letter dated June 15, 2016, Tullow's counsel notified this Court that "to the best of Defendant Tullow, Inc.'s knowledge, information, and belief, Plaintiff has the application and the software in his possession."[71] The Court cannot find that the letter is dispositive, and so it will address the merits of Khushaim's claim under Rule 12(b)(6).

---

[68] Compl. ¶¶ 75-77.

[69] Hr'g Tr., June 1, 2016, at 6 (D.I. 26).

[70] *Id.* at 17; *see also id.* at 21 (statement from co-counsel Mr. Gordon Zuiderweg denying knowledge of the return of Khushaim's software).

[71] Letter from John A. Sensing, Esq., June 15, 2016 (D.I. 27). *See also* Letter from Nicholas G. Kondraschow, Esq., June 15, 2016 (D.I. 28).

To plead the tort of conversion, Kushaim must demonstrate "any distinct act of dominion wrongfully exerted over the property of another, in denial of [the plaintiff's] right, or inconsistent with it."[72] Traditionally, claims for conversion only apply to tangible goods or intangible goods "where the intangible property relations are merged into a document."[73] Whether copyrighted software designs qualify as "intangible property" under Delaware law may be unsettled, but the Court need not resolve that question because the Complaint fails to otherwise state a claim for conversion. The conversion claim is (like his several others) merely duplicative of Khushaim's breach of contract claim.

Like the negligence and fraud claims discussed before, where a claim for conversion arises solely from a breach of contract, a plaintiff must allege that a defendant violated a legal duty *independent* from his contractually-imposed duties.[74] Khushaim attempts to meet this requirement by alleging that Tullow's retention of the software design breaches a duty under "general common law tort

---

[72]     *Data Mgmt. Internationale, Inc. v. Saraga*, 2007 WL 2142848, at *3 (Del. Super. Ct. July 25, 2007) (quoting *Drug, Inc. v. Hunt*, 168 A. 87, 93 (Del. 1933)).

[73]     *Carlton Investments v. TLC Beatrice Int'l Holdings, Inc.*, 1995 WL 694397, *16 (Del. Ch. Nov. 21, 1995).

[74]     *Id.*; *see also Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 889-90 (Del. Ch. 2009) (dismissing conversion claim that was duplicative of breach of contract claim).

principles" against misappropriating another's property which "exists independent of any contractual obligations."[75]

The Complaint lacks any substantive allegation that Tullow violated a duty independent from the contract. Simply citing Tullow's contract-based duty to return property does not satisfy the duty requirement for the tort of conversion.[76] Instead, "to establish a claim for conversion apart from the contract claim, [Khushaim must] show that he had a right to the [property] – other than a right pursuant to the contract – that was violated by the defendants' exercise of dominion over the [property]."[77] Here, Khushaim's right to repossess the software from Tullow derives wholly and only from the PDC. Because the Complaint fails to identify any interference with a right to the software independent of rights granted under the contract, Tullow's motion to dismiss **Count VII** for conversion is **GRANTED**.

---

[75] Plf.'s Ans. Br. in Opp'n at 16 (quoting *Data Mgmt.*, 2007 WL 2142848, at *4). *See also* Compl. ¶¶ 75-78.

[76] *See Kuroda*, 971 A.2d at 889-90 ("Merely alleging that defendants violated their duty against conversion of property is circular, and the Court is not required to accept such a conclusory allegation as true."); *Int'l Bus. Machs. Corp. v. Comdisco, Inc.*, 1993 WL 259102, at *4 (Del. Super. Ct. June 30, 1993) ("Plaintiffs begin their conversion argument by stating that while an immediate right to possession is an element of conversion, [the defendant's] tortious conversion of the system gave [the plaintiff] an immediate right to possession. This reasoning is circular, and functions to eliminate an element of the tort.").

[77] *Kuroda*, 971 A.2d at 890.

## G. UNJUST ENRICHMENT (COUNT VIII)

Khushaim brings a claim for unjust enrichment. He posits this can be pled in the alternative to his breach of contract claim.[78] His allegation is that Tullow was unjustly enriched when it retained payments for the incomplete mobile applications and failed to return the copyrighted software.[79]

Unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience."[80] "A claim for unjust enrichment is not available if there is a contract that governs the relationship between parties that gives rise to the unjust enrichment claim."[81] While Khushaim claims that he may plead unjust enrichment in the alternative to his breach of contract claim, alternative pleading of this kind is generally only allowed "when there is doubt surrounding the enforceability or the existence of the contract."[82]

---

[78] *See* Plf.'s Ans. Br. in Opp'n at 17.

[79] Compl. ¶ 84.

[80] *Schock v. Nash*, 732 A.2d 217, 232 (Del. 1999) (inner quotations omitted).

[81] *Kuroda*, 971 A.2d at 891.

[82] *Albert v. Alex. Brown Mgmt. Servs., Inc.*, 2005 WL 2130607, at *8 (Del. Ch. Aug. 26, 2005).

No doubt the relationship between Khushaim and Tullow is governed via enforcement of the existing PDC. Tullow's motion to dismiss **Count VIII** for unjust enrichment is **GRANTED**.

### H. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED") (COUNT IX)

Khushaim alleges that Tullow's "scheme" involving fraud and conversion demonstrates "outrageous conduct" that intentionally or recklessly could have caused Khushaim to suffer emotional distress.[83] But to qualify as "extreme or outrageous," the alleged conduct must be behavior that goes "beyond all possible bounds of decency," is "atrocious," and "utterly intolerable in a civilized community."[84] Allegations of a breach of contract rarely constitute outrageous conduct.[85] And Khushaim's don't here.

Tullow's motion to dismiss **COUNT IX**, for intentional infliction of emotional distress, is **GRANTED**.

---

[83] Compl. ¶¶ 94-95; Plf.'s Ans. Br. in Opp'n at 18.

[84] *Spence v. Cherian*, __ A.3d __, __, 2016 WL 2996895, at *4-5 (Del. Super. Ct. May 20, 2016); *Mattern v. Hudson*, 532 A.2d 85, 86 (Del. Super. Ct. 1987).

[85] *See, e.g.*, *O'Leary v. Telecom Res. Serv., LLC*, 2011 WL 379300, at *6 (Del. Super. Ct. Jan. 14, 2011) ("a mere breach of an employment contract, without accompanying 'extreme and outrageous behavior,' is never sufficient cause to recover damages for emotional distress."); *E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 444-45 (Del. 1996) ("Damages for emotional distress are not available for breach of contract in the absence of physical injury or intentional infliction of emotional distress.").

## I. CIVIL CONSPIRACY (COUNT X)

Lastly, Count X of the Complaint alleges a claim for civil conspiracy, specifically asserting that Tullow engaged in a conspiracy to commit fraud, conversion, and intentional infliction of emotional distress.[86] Civil conspiracy is not an independent cause of action, and instead, must be based on an underlying unlawful act.[87] If the plaintiff fails to adequately allege the elements of the underlying claim, the conspiracy claim must be dismissed.[88]

As explained above, Khushaim has failed to state a claim for fraud, conversion, and intentional infliction of emotional distress.[89] Because Khushaim failed to state an actionable claim (or claims) for the underlying wrong (or wrongs) alleged in his conspiracy claim, Tullow's motion to dismiss **Count X** is **GRANTED**.

---

[86]    Compl. ¶¶ 100-102; Plf.'s Ans. Br. in Opp'n at 19.

[87]    *Ramunno v. Cawley*, 705 A.2d 1029, 1039 (Del. 1998)

[88]    *Transched Sys. Ltd. v. Versyss Transit Solutions, LLC*, 2008 WL 948307, at *4 (Del. Super. Ct. Apr. 2, 2008) ("To succeed on a claim of civil conspiracy Plaintiff must first have a valid underlying claim."); *Connolly v. Labowitz*, 519 A.2d 138, 143 (Del. Super. Ct. 1986) ("To be actionable a civil conspiracy must embody an underlying wrong which would be actionable in the absence of the conspiracy.").

[89]    *See supra* Part IV-D, F, and H.

## V.     CONCLUSION

For the reasons stated above, Tullow's Motion to Dismiss is **DENIED** as to **Count I**, for breach of contract, and **GRANTED** as to **Counts II-V** and **VII-X,** for each of the claims recited therein.

**IT IS SO ORDERED.**

_____
Paul R. Wallace, Judge