COURT OF CHANCERY
OF THE
STATE OF DELAWARE

MORGAN T. ZURN
MASTER IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Final Report:  November 2, 2016
Draft Report:  October 18, 2016
Submitted:  August 25, 2016

Michael K. DeSantis, Esquire
Law Office of Dawn L. Becker
Citizens Bank Center
919 N. Market Street, Suite 550
Wilmington, DE 19801

Luciana M. E. Parker, Esquire
Mintzer, Sarowitz, Zeris, Ledva & Meyers, LLP
Citizens Bank Center
919 N. Market Street, Suite 200
Wilmington, DE 19801

> Re:  *Government Employees Insurance Company, a foreign corporation,*
> *as Subrogee of Noemi Vargas v. Progressive Direct Insurance*
> *Company*
> C.A. No. 11425-MZ
> Respondent's Motion to Dismiss

Dear Counsel:

Petitioner Government Employees Insurance Company ("GEICO") and

Respondent Progressive Direct Insurance Company ("Progressive") each insured a

party in a four-party accident involving two moving motorcycles and two parked

cars.  GEICO, Progressive, and the other two parties' insurers participated in five

arbitrations to allocate responsibility for the damage from the accident.  Three

arbitrations were filed and resolved in 2013, and two were filed and resolved in 2015. GEICO petitioned this Court to vacate one of the 2015 arbitration awards pursuant to 10 *Del. C.* § 5714(a)(3). Progressive moved to dismiss the petition, and the parties submitted briefing. In this report, I recommend the Court grant Progressive's motion.

## I.       Background[1]

On April 21, 2013, a motorcycle insured by State Farm Mutual Automobile Insurance Company ("State Farm") and a motorcycle insured by Progressive collided. That collision caused subsequent impact with two legally parked and unoccupied vehicles, one insured by GEICO and one insured by Travelers Home & Marine Insurance Company ("Travelers"). In 2013, the insurers filed three arbitration demands in Arbitration Forums, Inc. ("AFI") seeking reimbursement for property damage from this accident. GEICO filed a demand on May 10, 2013, seeking recovery in subrogation from Progressive and State Farm ("GEICO's 2013 Demand").[2] Progressive filed a demand on June 6, 2013, seeking recovery in subrogation from GEICO, State Farm, and Travelers ("Progressive's 2013

---

[1] In considering this motion to dismiss, I have drawn the facts from the well-pled allegations of the complaint and the arbitration decisions incorporated into the complaint by reference. *See Solomon v. Armstrong*, 747 A.2d 1098, 1126 n.72 (Del. Ch. 1999), *aff'd*, 746 A.2d 277 (Del. 2000); *see also Vanderbilt Income & Growth Assocs., L.L.C. v. Arvida/JB Managers, Inc.*, 691 A.2d 609, 613 (Del. 1996) (noting that the Court may consider documents "integral to a plaintiff's claim and incorporated into the complaint" when deciding a motion to dismiss).
[2] Pet. Ex. A.

Demand").[3] Travelers filed a demand on July 8, 2013, seeking recovery in subrogation from GEICO, Progressive, and State Farm ("Travelers' 2013 Demand") (collectively, "2013 Demands").[4]

AFI ruled on the 2013 Demands in September 2013 ("2013 Decisions"). On each, AFI concluded the applicant "proved 0% liability against" State Farm "based on: Progressive was inattentive to the movement and position of State Farm in the lane. Progressive made an unsafe lane maneuver directly in front of the State Farm vehicle causing contact between the vehicles and subsequent loss of control into the parked vehicles."[5]

In GEICO's 2013 Demand and Travelers' 2013 Demand, AFI upheld Progressive's affirmative defense of "Policy Limits – Multiple Exposures," noting Progressive had documented the $10,000 limit on the policy at issue, to which GEICO and Travelers had agreed but to which State Farm had not agreed.[6] AFI noted, "all involved parties must agree. When considering the combined known and unknown damages, Progressive's limits are in jeopardy of an excess situation."[7] Based on that affirmative defense, AFI concluded GEICO and

---

[3] Pet. Ex. B.
[4] Pet. Ex. C.
[5] Pet. Ex. A at 2; Pet. Ex. B at 2; Pet. Ex. C at 2.
[6] Pet. Ex. A at 1; Pet. Ex. C at 1.
[7] Pet. Ex. A at 1; Pet. Ex. C at 1.

Travelers "proved 0% liability against" Progressive.[8] GEICO describes this conclusion as deferring the entry of a decision against Progressive while the parties attempted to agree on the distribution of Progressive's limited policy and therefore avoid the risk of an excess judgment.[9]

GEICO alleges that as of April, 2015, the parties had not agreed on any distribution of Progressive's policy, and that on April 15, 2015, Travelers filed another demand seeking recovery in subrogration from the other three insurers ("Travelers' 2015 Demand").[10] On April 17, 2015, GEICO filed another demand seeking recovery in subrogation from Progressive and State Farm ("GEICO's 2015 Demand") (collectively, "2015 Demands").[11]

AFI ruled on the 2015 Demands on August 3, 2015 ("2015 Decisions"). AFI dismissed both 2015 Demands against State Farm in light of its 2013 Decisions, commenting, "The prior docket found State Farm to be an innocent party and therefore this portion of the decision is binding."[12] AFI also concluded neither Travelers nor GEICO proved liability against Progressive "based on: no duties breached."[13] AFI went on:

---

[8] Pet. Ex. A at 2; Pet. Ex. C at 2.
[9] Pet. ¶ 9.
[10] Pet. Ex. D.
[11] Pet. Ex. E.
[12] Pet. Ex. D at 1; Pet. Ex. E at 1.
[13] Pet. Ex. D at 2; Pet. Ex. E at 2.

> The evidence demonstrates that State Farm failed to maintain proper distance and collided with Progressive's vehicle. The points of impact demonstrate that Progressive had not even left the lane when the collision occurred and therefore maintained the right of way ahead of State Farm. Liability was not proven against Progressive. It is important to note that the prior filing is not binding with regards to liability raised against Progressive and that the current hearing is limited to this arbitrator's review of the current evidence.[14]

On August 25, 2015, GEICO petitioned to vacate the arbitration award on GEICO's 2015 Demand. Progressive moved to dismiss the petition on November 6, 2015. GEICO responded on August 25, 2016. Progressive did not file a reply.

## II.    Decision

GEICO's petition asks this Court to vacate the arbitration award on GEICO's 2015 Demand pursuant to 10 *Del. C.* § 5714(a)(3), on the grounds that the arbitrator executed its powers so imperfectly as to preclude a final and definite award. GEICO asserts the arbitrator's 2015 conclusion that Progressive was not liable directly contradicted the 2013 Decisions' finding that Progressive's insured caused the accident, and that the arbitrator erred by finding the 2013 Decisions were binding on GEICO's 2015 Demand only as to State Farm's innocence and not as to Progressive's liability.

Progressive moved to dismiss on two grounds. First, Progressive claims this Court lacks jurisdiction over GEICO's petition because the petition is an

---

[14] Pet. Ex. D at 2; Pet. Ex. E at 2.

impermissible appeal from an arbitration decision. In the alternative, Progressive

claims the arbitrator's inconsistent application of the 2013 Decisions was within

the arbitrator's authority under 21 *Del. C.*§ 2118(g)(3). GEICO responds that its

petition is properly within this Court's narrow jurisdiction to review arbitration

awards under Section 5714, and that the arbitrator's application of the 2013

Decisions as binding on State Farm but not Progressive was so imperfect that the

2015 Decision must be vacated.

Under Court of Chancery Rule 12(b)(6), if the Court determines with

"reasonable certainty that the plaintiff could not prevail on any set of facts that can

be inferred from the pleading," the plaintiff's case must be dismissed.[15] In

considering a motion to dismiss for failure to state a claim, "[a]ll facts of the

pleadings and inferences that can reasonably be drawn therefrom are accepted as

true. However, neither inferences nor conclusions of fact unsupported by

allegations of specific fact are accepted as true."[16]

This Court has jurisdiction over GEICO's petition under 10 *Del. C.* § 5714,

which provides for a narrow review distinct from an appeal. Progressive is correct

that this Court does not have jurisdiction over an appeal from these arbitrations.

Neither the arbitration statute, 21 *Del. C.* § 2118(g)(3), nor the review statute, 10

---

[15] *Daisy Constr. Co. v. Mumford & Miller Concrete, Inc.*, 2005 WL 1653943, at *2 (Del. Ch. June 30, 2005).
[16] *Id.*

*Del. C.* § 5714, provides any right of appeal.[17]  Progressive's proffered authority, a bulletin from the Delaware Insurance Commissioner, reminds insurers that arbitration awards under Section 2118 "are final, non-appealable awards."[18]

But Delaware courts have repeatedly distinguished between an impermissible *de novo* appellate review of an arbitration decision and a permissible narrow review under Section 5714.  "It is beyond dispute that the Court of Chancery has a very circumscribed role in matters arising out of arbitration proceedings.  Once an arbitration award has been made it may be vacated or modified only for the reasons set forth in 10 *Del. C.* §§ 5714 or 5715."[19]  This Court's review of an arbitration award "is one of the narrowest standards of judicial review in all of American jurisprudence."[20]

> Simply put, [the Court] can vacate an award issued by arbitrators who abused their authority or who acted without authority, but [the Court] ha[s] no power to review the merits of the arbitrators' substantive decision.[21]

I conclude GEICO's petition is reviewable through the specific lens of Section 5714.

---

[17] *New Hampshire Ins. Co. v. State Farm Ins. Co.*, 1994 WL 125038, at *3 (Del. Ch. Mar. 31, 1994).

[18] Mandatory Arbitration Required Under 21 *Del. C.* § 2118, Domestic/Foreign Insurers Bulletin 77 (Del. Dep't of Ins. Sept. 1, 2015), 2015 WL 5123742.

[19] *New Hampshire Ins. Co.*, 1994 WL 125038 at *2 (internal citations omitted).

[20] *SPX Corp. v. Garda USA, Inc.*, 94 A.3d 745, 750 (Del. 2014).

[21] *Ruggerio v. State Farm Mut. Auto. Ins. Co.*, 1999 WL 499459, at *4 (Del. Ch. June 23, 1999).

The next question is therefore whether GEICO's claim, that the arbitrator imperfectly executed its powers such that vacatur is warranted, should be dismissed.

> Vacatur pursuant to [10 Del. C. § 5714(a)(3)] requires evidence that the arbitrator acted in manifest disregard of the law.  The evidence must establish that the arbitrator (1) knew of the relevant legal principle, (2) appreciated that this principle controlled the outcome of the disputed issue, and (3) nonetheless willfully flouted the governing law by refusing to apply it.  In other words, the Court must find an error that is so obvious that it would be instantly perceived as such by the average person qualified to serve as an arbitrator.  It is inappropriate to vacate an arbitration award if the arbitrator's decision rationally can be derived from the parties' submissions.[22]

"[T]here is a presumption that the arbitration panel acted within the scope of its authority, and this presumption may not be rebutted by an ambiguity in a written opinion."[23]  "[I]f any grounds for the award can be inferred from the record, the Court must presume that the arbitrator did not exceed his authority and the award must be upheld."[24]

---

[22] *Roncone v. Phoenix Payment Sys., Inc.,* 2014 WL 6735210, at *4 (Del. Ch. Nov. 26, 2014) (internal citations and quotations omitted).

[23] *TD Ameritrade, Inc. v. McLaughlin, Piven, Vogel Sec., Inc.*, 953 A.2d 726, 732 (Del. Ch. 2008) (internal quotation omitted); *see also id.* at 736 ("A mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award.") (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)).

[24] *Id.* at 732.

GEICO's petition asserts the decision on GEICO's 2015 Demand should be vacated because the arbitrator adopted the 2013 Decisions inconsistently.[25] Progressive contends the arbitrator made a procedurally sound, evidence-based determination on the merits with awareness of the 2013 Decisions, acting within the arbitrator's authority. Progressive's motion asserts vacatur is not appropriate because the arbitrator's action was less egregious than that in *Ruggerio v. State Farm Mutual Automobile Insurance Co.*, which vacated an arbitrator's decision because the arbitrator considered an unauthorized post-hearing motion.[26] GEICO responds that *Ruggiero*'s holding, vacating an arbitration for procedural problems, is inapplicable to the 2015 decision's "inherent imperfections" on the merits.[27]

Neither GEICO nor Progressive provided any authority on the extent to which an arbitrator is bound by a prior arbitration between the same parties on the same facts, nor the extent to which a reviewing court may rule on that issue. *Ruggiero* does not pertain to that issue. I take some instruction from *Roncone v. Phoenix Payment Systems, Inc.*, in which this Court declined to vacate an arbitrator's decision where the arbitrator applied part of a company's salary plan dealing with commissions to an employee, but not another part of the same plan

---

[25] Pet. ¶ 14.
[26] 1999 WL 499459 at *6.
[27] Resp. ¶ 7.

dealing with salary.[28]  This Court concluded, "The arbitrator did not exceed his powers or execute them imperfectly in reaching his conclusion.  In short, this is the type of factual determination where the reviewing court's authority is limited."[29]

Authority outside of Delaware persuades me that judicial review of the decision on GEICO's 2015 Demand should not encompass whether that arbitration was bound by a prior arbitration.  In *W.R. Grace and Company v. Local Union 759*, an arbitrator determined the underlying collective bargaining agreement did not compel him to follow a preceding award resolving the same issue as to a different party.[30]  The United States Supreme Court evaluated whether the second award should be enforced.[31]  The Court concluded that because the arbitrator's authority was a subject of collective bargaining, so was the scope of that authority, and the Court could not second-guess the arbitrator's interpretation of the collective bargaining agreement.[32]  In other words, the decision to be bound by the first award was left to the arbitrator of the second award, beyond the Court's review.

The Third Circuit has held that arbitrators, not a reviewing court, should determine whether a prior arbitration had a res judicata effect on a second

---

[28] 2014 WL 6735210 at *3, *5.
[29] *Id.* at *5.
[30] 461 U.S. 757, 762-63 (1983).
[31] *Id* at 764.
[32] *Id.* at 764-65.

arbitration.[33]   In *John Hancock Mutual Life Insurance Co. v. Olick*, a former employee sued his former employer in federal court, which claim was dismissed, and filed an arbitration claim against his former employer, which resulted in an award in favor of the employee.[34]   The former employee then filed a second arbitration claim, which inspired the employer to seek a judicial declaration that the claims raised in the second arbitration were barred on res judicata grounds, as well as a preliminary injunction halting the second arbitration.[35]   The District Court held the arbitrator, not the court, decides preclusion issues stemming from prior arbitrations.[36]   The Third Circuit noted the narrow standard of review for arbitrations, and reasoned that because the parties' arbitration agreement and procedures thereunder governed the finality of arbitration awards, the res judicata objection based on the prior arbitration was an issue to be arbitrated, not to be decided by the courts.[37]

Similarly, in *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, the Ninth Circuit found that the arbitrator, not a court, was responsible for determining the

---

[33] *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 139-40 (3d Cir. 1998).  Section 5714 tracks an analogous provision in the Federal Arbitration Act (FAA), and Delaware courts have found that federal cases interpreting the FAA are "most helpful."  *SPX Corp.*, 94 A.3d at 750.
[34] *Id.* at 134.
[35] *Id.*
[36] *Id.*
[37] *Id.* at 139-40.

preclusive effect of an earlier arbitration award.[38] In that case, Chiron and Ortho

entered into an agreement to manufacture and market medical testing, which

included that they would arbitrate disputes arising out of that agreement.[39] The

parties disagreed as to whether Ortho could customize tests for use only on Ortho's

machine, precluding use of the tests on Chiron's machine.[40] An arbitrator

concluded the agreement permitted Ortho's action and that this award was "final

and binding upon the parties."[41] Following that decision, Chiron submitted a

proposal to permit use of Chiron's machine, which Ortho rejected. Chiron sought

a second arbitration, which Ortho refused on the basis that the first arbitration

precluded further arbitration on that same issue. The District Court denied

Chiron's request for an order compelling arbitration, concluding Ortho's res

judicata defense was itself an arbitrable issue.[42] The Ninth Circuit agreed, noting

the underlying agreement required arbitration of "any" dispute, without singling

out a dispute over res judicata.[43] Accordingly, the Ninth Circuit concluded that the

applicability of a res judicata defense in a second arbitrable dispute was a

---

[38] 207 F.3d 1126, 1132-34 (9th Cir. 2000).
[39] *Id.* at 1128.
[40] *Id.* at 1129.
[41] *Id.*
[42] *Id.*
[43] *Id.* at 1132-34 (citing *Nat'l Union Fire Ins. Co. v. Belco Petroleum Corp.*, 88 F.3d 129 (2d Cir. 1996)).

component of the merits of the dispute and was thus an arbitrable issue, not to be determined by a court.[44]

The arbitration framework here is statutory, not contractual. I do not see that 21 *Del. C.* § 2118, the regulations thereunder,[45] or the 2013 or 2015 Decisions address the preclusive effect of Section 2118 arbitrations on subsequent arbitrations. This silence further indicates that this Court is not in a position to determine that preclusive effect. The Court lacks both reviewing authority and instruction. Pursuant to *W.R. Grace* as contextualized by *John Hancock*, *Chiron*, and *Roncone*, I conclude that whether the 2013 Decisions were wholly binding on the 2015 Decisions is an issue the arbitrator should decide. I conclude this Court's narrow review of arbitrations should not reach whether the arbitrator was bound by the previous arbitration.

If I were to reach whether the arbitrator's application of the 2013 Decisions warranted vacatur, I would not disturb the 2015 award. The 2015 Decisions referenced the 2013 Decisions explicitly in adopting them in part and deviating from them in part. Presumably, GEICO attempted to convince the 2015 arbitrator that the 2013 Decisions were binding *in toto*. The 2015 arbitrator determined the extent to which the 2013 Decisions were binding. The 2013 and 2015 Decisions

---

[44] *Id.* at 1134.
[45] Del. Dep't of Ins. Reg. 901 (Mar. 11, 2002). Subrogation arbitration such as that at issue here is exempt from this Regulation. *Id.* § 11.

permit the inference that the 2013 Decisions were not binding as to Progressive because, as GEICO explained in its petition, the 2013 decision as to Progressive's liability was deferred pending all the parties' agreement on the distribution of Progressive's limited policy.[46] Any ambiguity in the arbitrator's partial adoption of the 2013 Decisions is insufficient to overcome the presumption that the arbitrator acted within its authority.[47]

Therefore, I agree with Progressive that GEICO's petition fails to state a claim that the arbitrator exceeded its authority under 21 *Del. C.* § 2118(g)(3) as reviewed under Section 5417. I recommend this Court grant Progressive's motion to dismiss.

### III. Conclusion

For the foregoing reasons, I recommend this Court grant Progressive's motion. The parties are directed to Chancery Rule 144 for the process for taking exception to this report.

Sincerely,

/s/ *Morgan T. Zurn*
Master in Chancery

---

[46] *See* Pet. ¶ 9.
[47] *See TD Ameritrade*, 953 A.2d at 732.