# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Resident Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

May 16, 2022

Mr. Paul J. Smith Jr.
7820 Willow Grove Road
Camden, DE 19934

Anthony N. Delcollo, Esquire
Christopher J. Isaac, Esquire
Offit Kurman
222 Delaware Ave., Suite 1105
Wilmington, DE 19801

Submitted: April 29, 2022
Decided: May 16, 2022

RE: *Paul J. Smith, Jr. vs. Access Labor Services, Inc., and Edward Gordon*
*K21C-11-033 JJC*

Dear Mr. Smith and Mr. Isaac:

This letter provides the Court's reasoning and decision regarding Defendants Access Labor Services, Inc., and Edward Gordon's motion to dismiss Mr. Smith's amended complaint. As the Court explains below, because Mr. Smith's amended complaint does not state a claim upon which relief may be granted, the Court must dismiss it pursuant to Superior Court Civil Rule 12(b)(6).

## Facts Alleged and Procedural Background

Mr. Smith alleged in his initial complaint that Mr. Gordon, an employee of Access Labor, pointed a firearm at him at Access Labor's place of business. The

complaint alleged that when Mr. Gordon displayed the weapon, Mr. Smith walked directly at Mr. Gordon and told Mr. Gordon to shoot him. According to the complaint, Mr. Gordon then laughed and said Mr. Smith was not worth it. Mr. Smith next alleged that he left the scene and contacted the police and attempted to file a complaint against Mr. Gordon.

Access Labor and Mr. Gordon filed a motion to dismiss Mr. Smith's complaint because they alleged it failed to state a claim. At a first oral argument, the Court explained to Mr. Smith, that although he had alleged facts that partially supported recovery for the tort of assault, his initial complaint failed to support his claim. Accordingly, the Court granted Mr. Smith two weeks to amend it. Furthermore, the Court explained that if Mr. Smith failed to file an amended complaint within two weeks, the Court would dismiss the matter without further argument or action of the parties. In the alternative, the Court explained that if Mr. Smith filed an amendment, Access Labor and Mr. Gordon could either answer it or renew their motion to dismiss.[1]

Thereafter, Mr. Smith filed his amended complaint. It refers to damages that he alleges he suffered because of the assault. His amendment also includes allegations, that upon first review, seem to add additional theories of recovery. Namely, the amendment includes references to a breach of contract, civil rights violations, an OSHA violation, and violations of whistleblower and non-retaliation "provisions." The amendment also references PTSD, lost wages, defamation of character, and emotional distress.[2] Furthermore, the amendment includes the first page of a Dover Police Department incident report.[3] Notably, the portion of the

---

[1] D.I. 10.
[2] D.I. 13.
[3] The Court considers this document to be incorporated into the complaint. *See Vanderbilt Income and Growth Associates, LLC v. Arvida*, 691 A.2d 609, 613 (Del. 1996) (providing that the Court

2

report that he includes directly contradicts his claims. Namely, the report provides that Mr. Smith's allegations against Mr. Gordon were "unfounded."[4] The report also describes Mr. Gordon as "unarmed" during the alleged incident.[5]

At both the first and second oral arguments, counsel for Access Labor and Mr. Gordon alleged that *Mr. Smith* faces criminal charges for filing a false police complaint against Mr. Gordon. While, if true, that could become important at a different stage of the proceedings. The Court, however, has not considered whether Mr. Smith faces criminal charges for a false report when deciding this motion. Rather, the Court confines its review to the four-corners of the amended complaint.

After Mr. Smith filed his amended complaint with the police report attached, the defendants renewed their motion to dismiss. At the second oral argument, Mr. Smith clarified that he intends everything in his second amended complaint to be a list of damages he suffered because of the assault. He further confirmed that he intended to include no additional causes of action in his filing. For that reason, the Court does not consider his amended complaint to be an attempt to add additional substantive claims.

## Standard of Review

When considering a motion to dismiss for failure to state a claim, the Court accepts all facts pleaded in the complaint (or in this case, the complaint and amended complaint) as true.[6] Delaware is a notice pleading jurisdiction.[7] Accordingly, dismissal pursuant to Superior Court Civil Rule 12(b)(6) is inappropriate unless a

---

may consider documents either incorporated in the complaint or integral to the plaintiff's claim when evaluating a Rule 12(b)(6) motion).

[4] D.I. 13.

[5] *Id.*

[6] *Browne v. Saunders*, 768 A.2d 467, 2001 WL 128497 (Del. Feb. 14, 2001) (TABLE). Mr. Smith's complaint and amended complaint present as two independent, non-integrated documents. Nevertheless, the Court has considered them, combined, to be Mr. Smith's "amended complaint."

[7] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).

plaintiff could recover under no reasonably conceivable set of circumstances supported by the amended complaint.[8]

Furthermore, for purposes of this motion, the Court considers everything that Mr. Smith alleges to be true. It likewise draws all reasonable inferences in Mr. Smith's favor.[9] Finally, because Mr. Smith filed his complaint and amended complaint *pro se*, the Court has applied a more liberal standard regarding matters of form.[10]

### Mr. Smith's Assault Claim

The intentional tort of assault has three elements. To survive a motion to dismiss, Mr. Smith must allege facts that, if taken as true, permit the Court to draw reasonable inferences in Mr. Smith's favor regarding those elements.

To state a claim for assault, Mr. Smith must allege that Mr. Gordon (1) acted intentionally, (2) without Mr. Smith's consent, and (3) Mr. Gordon's actions placed Mr. Smith in fear of *imminent* harmful or offensive contact.[11] Furthermore, to recover for this tort, there need not have been contact between the parties.[12] Rather, the tort of assault looks to whether there was an imminent *fear* of harm. Accordingly, whether Mr. Gordon's alleged conduct caused Mr. Smith imminent fear becomes central to his claim.

In this case, Mr. Smith alleged after-the-fact damages in his amended complaint. In neither his complaint nor his amended complaint, however, does he allege facts that permit a reasonable inference that the alleged threatened contact

---

[8] *Kofron v. Amoco Chem. Corp.*, 441 A.2d 226, 227 (Del. 1982).
[9] *Id.* at 228.
[10] *Browne*, 2001 WL 138497, at *1.
[11] *Id. See also* Restatement (Second) of Torts § 21 cmt. c (1965) ("In order that the actor shall be liable . . . it is only necessary that his act should cause an apprehension of an immediate contact . . . it is not necessary that it should directly or indirectly cause any tangible and material harm. If . . . any such harm results . . . the other may recover damages . . . .")(emphasis added).
[12] *St. Anthony's Club v. Scottsdale Ins. Co.*, 1998 WL 732947, at *3 (Del. Super. Ct. July 15, 1998).

4

placed him in imminent fear.   Namely, Mr. Smith alleges that Mr. Gordon pulled a black firearm out of his waist band and brandished it.[13]   According to Mr. Smith, Mr. Gordon then cocked the handgun and pointed it in Mr. Smith's direction.[14]   At that point, Mr. Smith alleges that, after stretching, he walked directly at Mr. Gordon, who was holding the firearm and "instructed [Mr. Gordon] to shoot the firearm."[15] According to the complaint,  Mr. Gordon then concealed the firearm and said "it wasn't worth it."[16]

Absent from the amended complaint is any allegation that Mr. Gordon placed Mr. Smith in fear.  To the contrary, Mr. Smith's amended complaint does not meet Delaware's relaxed notice pleading standards because it only supports the converse – that is, that Mr. Smith experienced no fear at the time of the exchange.

Separately, as to Access Labor, Mr. Smith does not allege facts that support the inference that the corporation assaulted him.  Furthermore, although the amended complaint permits an inference that Access Labor employed Mr. Gordon, it recites no facts that would permit a reasonable inference that Access Labor should be vicariously liable for Mr. Gordon's alleged threat of force with a firearm.[17]

---

[13] Compl. ¶ 1.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *See Draper v. Olivere Paving & Const. Co.*, 181 A.2d 565, 569-570 (Del. 1962) (explaining that vicarious liability for the intentional use of force by an employee hinges upon whether the use of force was within the employee's scope of employment, and in turn, requires the Superior Court to apply the Restatement of Agency (Second) § 228 factors when examining whether vicarious liability could arise from a servant's intentional use or threat of force).  Here, Mr. Smith's amended complaint permits no reasonable inference, even with the appropriately deferential reading, that supports that Mr. Gordon's alleged threat of use of a firearm at a temporary staffing agency could trigger vicarious liability.  Namely, it runs afoul of the requirements that the threat was (1) "conduct of a servant. . . of the kind he [or she] is employed to perform, or (2) that such force "force is not unexpectable by the master."  *See* Restatement (Second) of Agency § 228(1)(a),(d) (recognizing that these two elements must be present to find a servant's  conduct within the scope of employment).

5

Accordingly, Mr. Smith's complaint does not state a claim against Access Labor for either direct or vicarious liability.

On balance, the allegations in the amended complaint permit only one reasonable inference -- that Mr. Smith felt no fear at the scene. Because an imminent fear of harmful or offensive contact must be demonstrated to recover for an assault, Mr. Smith's amended complaint does not state a claim upon which relief may be granted.

**Conclusion**

For the abovementioned reasons, the Defendants' renewed motion to dismiss is **GRANTED** with prejudice.

**IT IS SO ORDERED.**

Very truly yours,

/s/ Jeffrey J Clark
Resident Judge

JJC:klc
*Via File & ServeXpress*